No. ----

First Circuit

MORRIS ET AL v. PRUTSMAN

(February 15, 1928. Opinion and Decree)

(*Syllabus by the Editor*)

1. Louisiana Digest—Surveyors and Surveys—Par. 10, 11; Prescription—Par. 20, 33.

In view of Article 3478 of the Civil Code, the building of a fence dividing the alley-way was a fixing of the boundary by consent and a plea of prescription of ten years, where such limits were established more than ten years previous, is properly maintained.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Richard S. Morris et al. against George W. Prutsman.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

S. S. Reid, of Amite, attorney for plaintiff, appellant.

Purser & Magruder, of Amite, attorneys for defendant, appellee.

LECHE, J. Plaintiffs own a lot of ground in the town of Amite, which faces east on Duncan Avenue. The defendant also owns a lot of ground facing on the same avenue, contiguous to and north of that belonging to plaintiffs. The present suit was brought in order to have the boundary line separating the two properties fixed and established in pursuance of the articles of the Civil Code, 823, et seq., under Title V. The court appointed T. A. Tycer, C. E., and parish surveyor, to make the survey, in accordance with the prayer of plaintiffs' petition.

The defense substantially is that the properties are separated by a partition fence which has been in existence for nearly fifty years and that the proper line is shown by that fence. Defendant then pleads specially the prescriptions of ten and thirty years.

Tycer proceeded to make a survey under the order of court, and, while he was so doing, defendant employed J. P. Kemper, another civil engineer and surveyor, also to establish the boundary line in dispute.

The reports of these surveyors are in the record and they differ as to the proper location of the boundary. The correctness of each report is questioned for lack of certainty as to the proper location of the respective points from which the surveys were started.

The judgment of the District Court fixes a boundary line whose western extremity corresponds with the location of the fence, as shown on Tycer's plat, where the northwest corner of plaintiffs' lot and the southwest corner of defendant's lot adjoin; said line is ordered to be projected eastward along the fence line to Duncan Avenue, but to be so projected as to eliminate the crook or offset at present existing in said fence.

The plaintiffs have appealed from the judgment.

As we understand the decree of the District Court, although no written reasons are assigned, it neither approves nor disapproves of either of the surveys and practically maintains the line presently existing, as being the true boundary, except that it orders the line to be drawn straight, the effect of which straightening will take from defendant and give plaintiffs about one or two feet more on Duncan Avenue.

Evidently that decree is based upon the plea of prescription of ten years.

The testimony in the record fails to show with certainty that the fence now separating the properties of plaintiffs and defendant, has been in existence for thirty years or more, but it does show that, in 1915, more than ten years before the present suit was filed, one of the plaintiffs, who was then a boy, together with the son of the owner (at that time) of defendant's lot, built a fence extending from Duncan Avenue to the offset now existing as shown on Tycer's plat. The purpose of that fence was to divide lengthwise an alleyway or driveway which was then used to enter the two properties. That entrance or alleyway was recognized as being owned to the extent of one-half by each of the owners of the adjacent properties, so that the two boys built a fence in the center thereof, and extended the fence towards the rear where the offset in the line appears on the plat.

The building of the fence, dividing the alleyway, was a fixing of limits by consent, and the plea of prescription of ten years was for that reason properly maintained by the District Court. Opdenweyer vs. Brown, 155 La. 621, 99 So. 482.

The straightening of the line as decreed by the judgment of the District Court is a small matter of detail, is to the advantage of plaintiffs and appellants, and as defendant has not answered the appeal, he cannot in argument demand that the decree be amended in that regard.

Believing that the judgment appealed from is correct, it is ordered that it be affirmed.