401 So.2d 458 (1981)
Mack Cook McCULLIN, Plaintiff-Appellee,
v.
J. Elton SUMNERS, Defendant-Appellant.
No. 14539.
Court of Appeal of Louisiana, Second Circuit.
June 8, 1981.
Rehearing Denied July 15, 1981.
*459 Madison, Files, Garrett, Brandon & Hamaker by J. Lawrence Mullens, Monroe, for plaintiff-appellee.
Rabun & Post by Armand F. Rabun, Farmerville, for defendant-appellant.
Before PRICE, HALL and JASPER E. JONES, JJ.
En Banc. Rehearing Denied July 15, 1981.
HALL, Judge.
Plaintiff filed suit against the defendant to have the boundary between their contiguous estates judicially established. The disputed property lies in the Southwest Quarter of the Northeast Quarter of Section 9, Township 23 North, Range 2 West, Union Parish. The property descriptions in both plaintiff's and defendant's deeds rely on the location of a public road running through Section 9. The trial court determined that the public road referred to in the deeds lay to the east of present Louisiana Highway 558. Plaintiff, however, did not assert his ownership of property to the east of the present highway. Therefore, the trial court found the boundary between plaintiff's and defendant's property to be the center line of Highway 558 as that highway is located on the plat prepared by plaintiff's surveyor in 1975. Defendant appeals and we affirm.
The deeds filed in evidence by the parties indicate that W. P. Seale owned the entirety of the Southwest Quarter of the Northeast Quarter of Section 9. After Seale's death, his heirs sold to A. J. Hunt a tract of land including "all on East side of the public Road in SW ¼ of NE ¼ Sec 9 Twp 23 N R 2 West." Hunt's deed is dated May 1, 1920. By deed dated May 16, 1953, defendant and his wife acquired from Hunt a tract of land including "all of SW ¼ of NE ¼ of Sec. 9 North and East of Road, all in Twp. 23 North, Range 2 West."
Also on May 1, 1920, C. E. Upshaw, plaintiff's ancestor in title, acquired from the heirs of W. P. Seale a tract of land including "all on West side of Public Road in SW ¼ of NE ¼ Section 9 Twp. 23 N R. 2 West." In 1967, C. E. Upshaw sold to Coy Edward Upshaw a tract of land bearing this description: "All of SW ¼ of NE ¼ lying West of Public Road as said road ran on August 26, 1918, Section 9, Township 23 North, Range 2 West ...." Plaintiff acquired this property in 1975 by deed bearing this same property description. August 26, 1918 is the date of the deed by which C. E. Upshaw purportedly acquired from two of the several heirs of W. P. Seale the portion of the Southwest Quarter of the Northeast Quarter lying west of the public road. Upshaw subsequently secured a deed in which all the heirs of W. P. Seale joined in selling him the property.
Plaintiff alleged in his petition that the boundary between his property and that of the defendant, namely the public road as it ran August 26, 1918, is difficult to determine and that the exact location of the road is disputed by the parties. Defendant filed an exception of no cause of action based on LSA-C.C. Art. 828 which reads:
"When two estates are separated by a public road or by a water course, which serves as a common limit, the action of boundary cannot be sustained in relation to them, unless the road or water course has experienced some change in its situation."[1] *460 Defendant argues that plaintiff's petition failed to allege a change in location of the road separating their properties. The trial court overruled defendant's exception and defendant assigns this as error on appeal.
The trial court correctly overruled defendant's exception of no cause of action. Article 828, now repealed, deals with a situation in which two tracts of land are not contiguous because they are separated by a public road, ownership of which is in the public. The public road in this case is a mere servitude crossing privately owned land. In 1931, C. E. Upshaw granted to the state a right-of-way servitude 80 feet wide on which was located State Highway Route No. 440 now known as Highway 558. Because the properties of plaintiff and defendant are not separated by a public road, former Article 828 is inapplicable and defendant's exception has no merit.
Having concluded that the petition set forth a cause of action under now repealed Article 828, it is unnecessary to consider defendant's further contention that this action is governed by the repealed articles and not the replacement articles. No other substantive changes in the law which would affect the result in this boundary action are pointed out.
In addition to the above, defendant makes these assignments of error: (1) the trial court erred in failing to consider the acreage calls recited in the deeds of the parties and their ancestors in title and in assuming that these quantity calls were due to repeating what was an erroneous acreage recitation in the original instrument wherein the acreage content is first stated; (2) the trial court erred in concluding that plaintiff had established by a preponderance of the evidence that the location of the public road referred to in the deeds was to the east of present Highway 558; and (3) the trial court erred in ordering defendant to pay all costs of the proceedings.
The trial court determined that the issue to be decided in this action is the location of the public road referred to in the deeds. Plaintiff's witnesses testified that the old public road lay east of and parallel to present Highway 558. Defendant's witnesses generally testified that the old road lay east of and parallel to Highway 558 through part of the section where plaintiff's and defendant's property lies, but that as the road ran south, it crossed over the present highway and veered directly southward, making an approximate 45 degree angle between the old public road and the present highway. Defendant argues that the acreage content recited in the deeds can be reconciled only by locating the road according to the testimony of his witnesses and the survey prepared for him by F. M. Methvin Associates.
Defendant cites the following language from Arnaud v. Barber, 225 So.2d 656 (La.App. 3d Cir. 1969):
"The order of importance of, or the preference which should be given to, the various calls which may be included in a description are: (1) Natural monuments; (2) artificial monuments; (3) distances; (4) courses; and (5) quantity. The controlling consideration in any case, however, is the intention of the party or parties. Sagrera v. Mouton, 180 So.2d 775 (La.App. 3d Cir. 1965); Dufrene v. Bernstein, 190 La. 66, 181 So. 859 (1938).
"A call in a description which specifies the acreage or quantity of the land therein being described is the weakest of all calls, and it must yield to all other calls which give monuments, distances or courses. When the description does not contain a call of monuments, distances or courses, however, or where all of these preferred calls fail for some reason, then the call which specifies only acreage or quantity must be given effect and it must control. LSA-C.C. art. 849; Meyer v. Comegys, 147 La. 851, 86 So. 307 (1920); Sagrera v. Mouton, supra."
*461 Defendant argues that none of the first four calls are present in this case, therefore, the trial court should have given consideration to the quantity calls in the deeds. This argument is without merit. Artificial monuments take precedence over quantity calls and in this case we are dealing with an artificial monument, i. e., the old public road. The trial court was presented with sufficient evidence to determine the location of the public road and the quantity call must yield to the call of monuments.
Defendant contends the trial court erred in its factual determination regarding the location of the public road referred to in the deeds. The determination of a disputed boundary is a question of fact which should not be disturbed on appeal in the absence of manifest error. See Leblanc v. Laborde, 368 So.2d 1126 (La.App. 3d Cir. 1979); Gelpi v. Shall, 355 So.2d 1014 (La.App. 4th Cir. 1978). In this case, the trial court found that there was an old road which lay to the west of Highway 558 as contended by defendant, but that this road was not the public road referred to in the deeds; rather, it was a privately maintained wagon trail. After reviewing the testimony, which is somewhat conflicting, we cannot say that this factual determination was erroneous. There is sufficient evidence to support the trial court's finding that the old public road lay east of and parallel to present Highway 558.
Regarding the issue of costs, defendant contends that the trial court should have divided the costs of the proceedings below between plaintiff and defendant. Defendant's argument is without merit. The trial court has the discretion to cast either party with costs and did not abuse its discretion in this instance in taxing costs to the defendant who refused to amicably agree to the fixing of the boundary. See LSA-C.C. Art. 790; LSA-C.C.P. Art. 1920; and Authement v. Theriot, 292 So.2d 319 (La.App. 1st Cir. 1974).
For the foregoing reasons and for the reasons given by the trial court in its written opinion, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendant-appellant.
Affirmed.
NOTES
[1] Plaintiff filed suit on October 20, 1977. Defendant's exception was argued and decided on December 19, 1977. By Act 170, § 1 of 1977, Title V of Book II of the Civil Code of 1870, "Of Fixing the Limits", and "Of Surveying of Lands", consisting of Articles 823 to 855, was repealed effective January 1, 1978. The subject matter of former Title V is now contained in Title VI, "Boundaries", consisting of Articles 784 to 796, enacted by Act 169, § 1 of 1977, effective January 1, 1978.

Comment (d) under new Article 788 states that former Article 828 has not been reproduced as unnecessary.