CULPEPPER, Judge.
.This is a boundary action. The plaintiffs sued to establish the boundary between their property and that of the defendants. The defendants answered, claiming ownership by acquisitive prescriptions of 10 and 30 years of approximately 2.5 acres in dispute.
The court appointed a surveyor who established a boundary using old surveys and surveyor’s markers in the area. After a trial on the merits with regard to the issues of ownership and possession, the district judge found neither plaintiffs nor defendants had proved ownership of the disputed 2.5-acre strip either by record title or by acquisitive prescription. The court found defendants had possessed the disputed strip for several years, but he nevertheless fixed the boundary according to the line established by the court-appointed surveyor. Defendants appeal. We reverse.
The substantial issues are: (1) Did defendants prove ownership by 10 years acquisitive prescription? (2) Did defendants *1300 prove ownership by 30 years acquisitive prescription? (3) Did plaintiffs prove ownership by record title? (4) In the absence of proof of ownership by either party, how is the boundary fixed?
GENERAL FACTS
This suit was instituted by plaintiffs on May 5, 1981. They alleged ownership of property described in their petition as follows:
“A certain tract or parcel of land, together with all buildings and improvements thereon, lying in and forming a portion of the WA of Section 12, T1S-R4E, Avo-yelles Parish, Louisiana, containing 140 acres, more or less, and being bounded, now or formerly, on the north by Haas Investment Company, south by the defendants, Frances W. LaHaye, et al, east by Dalgo and west by Roy D. Johnson, Jr. Being that property acquired by Alice Callegari Turnbull by Act of Partition with the Heirs of T.J. Callegari, dated December 31, 1951, recorded COB A-149, page 616, and also being acquired by Sam P. Turnbull from Alice Callegari Turnbull by Donation of Interest in Real Property, dated December 12, 1980, recorded COB A-311, Entry # 80-8044, all records of Avoyelles Parish, Louisiana.”
Plaintiffs allege defendants own neighboring land to the south, and that the boundary line between the contiguous estates is in dispute, having never been established, either judicially or by agreement of the parties. They pray to have the boundaries fixed in the manner prescribed by law. The defendants answered, contending they own the strip of land in dispute by 10 years acquisitive prescription, or, in the alternative, 30 years acquisitive prescription.
The court-appointed surveyor, Ralph Gagnard, established the division line between the two tracts of land in accordance with previous surveys in 1951 and 1955 by Blanchard J. Marchand of the tract owned by the plaintiffs. Gagnard stated he studied the title papers of the properties as well as the prior surveys and found no evidence or reason to question the accuracy of Marc-hand’s surveys. He then located the property corners by iron pipes and other markers placed there during these previous surveys and established the boundary line from these points.
Despite objections by the defendants to the surveyor’s use of the prior surveys, Gag-nard’s survey and the process verbal thereof were duly homologated and approved by the court. The case was then tried on the merits of the issues of record title and acquisitive prescription.
The evidence shows Mrs. Alice C. Turn-bull acquired the property described in the plaintiffs' petition in an act of partition dated April 9, 1952, in which she and her co-heirs partitioned the property belonging to her deceased parents. Then by act of donation, Mrs. Turnbull gave to her husband, Sam P. Turnbull, a one-half undivided interest in the tracts on December 12,1980. The plaintiffs’ ancestor in title is Mrs. Turnbull’s father, Preston J. Callegari, who acquired the property in transactions involving separate but adjoining tracts of land in 1912 and 1914.
The defendants are the surviving spouse and heirs of L. Dennis LaHaye. They acquired the property south of Mrs. Turnbull’s tract by a judgment of possession dated January 24, 1966. The property is described as follows:
“(1) A certain tract or parcel of land, with all improvements thereon, containing 55 acres, more or less, situated in Spring Bayou and more particularly described as contained within the following boundaries: North by Paul Dauzat, East by Morrow, South by Robertson and on the West by the tract hereinafter described;
(2) One hundred forty-seven acres of land, more or less, together- with all improvements thereon, adjoining the above described tract and otherwise described as contained within the *1301 following boundaries, North by Paul Dauzat, East by the above described tract, on the South by Robertson and on the West by Coudeau, being the same properties acquired by Act No, 139989, recorded in Book A-148 of the conveyance records of Avoyolles Parish, La.”
Defendants’ property was acquired on October 10, 1951 by L. Dennis LaHaye and his brother, Richard LaHaye, from Dr. W.A. Quirk, who had purchased the tract in 1906. Then in 1959, Richard conveyed his interest in the property to Dennis. The entire interest in the property was inherited by the heirs of Dennis LaHaye.
The record shows that the recognized boundary between the two properties was marked by a fence when Mr. Callegari and Dr. Quirk were the adjoining owners. However, in about 1935 a new road was built from the Goudeau Road in an easterly direction to Coonville. In the area in question, Coonville Road did not follow the old fence. The road was built 40 to 60 feet north of the old fence, to avoid cutting down some trees. The survey homologated by the district court placed the boundary along the old fence line, marked A to B on the attached survey. The defendants contend the road is now the boundary. A copy of a survey made by Blanchard J. Marchard on January 6, 1979 is attached to this opinion and shows the location of Coonville Road, designated thereon as a “Parish Road.” The 2.5 acres in dispute lies between Coonville Road and the line A-B.
The trial court found neither plaintiffs nor defendants proved ownership by acquisitive prescription. The judge concluded that no evidence showed the survey by the court-appointed surveyor was incorrect.- The court therefore adopted the plat submitted as the judgment of the court and fixed the boundary in accordance therewith. This was an error of law. If neither party proves ownership, the boundary must be fixed by possession. LSA-C.C. Article 792.
STATUTORY LAW OF BOUNDARY ACTIONS
The following general rules from our Civil Code are applicable:
“Art. 792. Fixing of boundary according to ownership or possession
The court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession.
“Art. 793. Determination of ownership according to titles
When both parties rely on titles only, the boundary shall be fixed according to titles. When the parties trace their titles to a common author preference shall be given to the more ancient title.
“Art. 794. Determination of ownership according to prescription
When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds.”
For a full discussion of the boundary action and the burdens of proof as to ownership and possession, see Yiannopoulos, Civil Law Treatise, Property, 2nd Edition, Sec. 225, pgs. 598-604.
DEFENDANTS’ CLAIM BY TEN YEARS ACQUISITIVE PRESCRIPTION
The defendants argue the trial court erred in failing to find they established ownership of the property by ten years acquisitive prescription.
LSA-C.C. Article 3478 provides:
“Art. 3478. He who acquires an immovable in good faith and by just title prescribes for it in ten years.”
The conditions necessary for such prescription are set forth in LSA-C.C. Article 3479:
“Art. 3479. To acquire the ownership of immovables by the species of prescription *1302 which forms the subject of the present paragraph, four conditions must concur:
1. Good faith on the part of the possessor.
2. A title which shall be legal, and sufficient to transfer the property.
3. Possession during the time required by law, which possession must be accompanied by the incidents hereafter required.
4. And finally an object which may be acquired by prescription.”
We have no difficulty concluding defendants have failed to prove ownership of the 2.5 acres in dispute by the acquisitive prescription of 10 years, because their record title does not include this strip of land. The above quoted description of defendants’ 55-acre tract shows it is described as being bound on the north by Paul Dauzat, who was an ancestor in title of Preston J. Calle-gari. Thus, the property is actually described as being bound on the north by property owned by plaintiffs’ ancestors in title. We have carefully examined the conveyances in defendants’ chain of title and find.no evidence to show that their record title includes the 2.5 acres in dispute.
DEFENDANTS’ CLAIM BY THIRTY YEARS ACQUISITIVE PRESCRIPTION
The defendants contend in the alternative they proved ownership by 30 years acquisi- • tive prescription under LSA-C.C. Article 794, since they and their ancestors in title have possessed beyond their title to the road for over 30 years.
It is clear from the evidence that the LaHaye family has exercised possession of the strip of land in dispute since L. Dennis LaHaye bought the 55-acre tract on October 24, 1951. However, this suit was filed on May 5, 1981, before they had completed 30 years possession.
Defendants are entitled to tack any possession of the strip in dispute enjoyed by their ancestors in title, specifically Dr. W.A. Quirk. See LSA-C.C. Articles 3493, 3494. However, the evidence is not sufficient to prove that Dr. Quirk corporeally possessed the 2.5-acre strip between the old fence and the Coonville Road.
The testimony shows the Coonville Road was built across Preston Callegari’s field in about 1935. The road was fenced on both sides by about 1946, but none of the witnesses knew who built the fence on the south side. Someone named Deely kept cattle south of the road and Jessie Dalgo made hay on the part that was cleared, but part of it was still wooded until about seven years ago. There was no testimony to establish from whom the two men mentioned secured permission to carry out their operations on this land.
There is no clear error in the trial court’s finding of fact that defendants failed to prove they and their ancestors in title possessed the 2.5 acres in dispute for over 30 years.
PLAINTIFFS’ CLAIM BY RECORD TITLE
Although the trial judge’s written reasons do not expressly rule on the question, it is obvious he rejected plaintiffs’ claim to ownership by record title, because the judge found it necessary to hold that plaintiffs did not prove ownership by acquisitive prescription. In their brief on appeal, plaintiffs attempt to delineate their title back to the sovereign, beginning with a patent by Marie Louise Bontempt to the entire Northeast Quarter of Section 12, Township 2 South, Range 4 East. The difficulty is that the conveyances in the chain of title from Marie Bontempt down to the plaintiffs describe the property mostly by adjoining owners rather than by section lines or natural or artificial objects. The particular deed which plaintiffs contend establishes the southern boundary of their property approximately along the line shown by the court-appointed surveyor is a deed from *1303 Henry Mayeux to Mitchel Goudeau dated January 19, 1861 conveying 25 acres, 17 of which plaintiffs contend were in the North Half of the Northeast Quarter of Section 12, and the additional 8 acres in the northern portion of the South Half of the Northeast Quarter of Section 12. However, the court-appointed surveyor examined this document, along with others, and he testified he could not determine from the instruments themselves where the southern line of the 25 acres was located. For that reason, he said he had to use the iron stakes and other markers placed on the ground by other surveyors to locate the boundary line.
We have carefully considered plaintiffs’ brief with the attached sketches of the property in which they make the best argument they can to prove that their record title includes the 2.5 acres in dispute here. However, we find the trial judge was correct in concluding plaintiffs did not prove ownership by record title. The basic reason is that it is simply impossible to determine from the title the location of the southern boundary of plaintiffs’ property on the ground.
PLAINTIFFS’ CLAIM BY ACQUISITIVE PRESCRIPTION
As we understand plaintiffs’ brief on appeal, they do not claim ownership by acquisitive prescription. In the event they do claim ownership by the acquisitive prescription of 10 years, such a contention has no merit for basically the same reason given above in concluding that they have not proved ownership by record title. Since their title does not include the 2.5 acres in dispute, they cannot claim ownership by acquisitive prescription of 10 years.
Plaintiffs make no argument based on 30 years acquisitive prescription, either under LSA-C.C. Article 794 or Article 3499.
BOUNDARY FIXED BY POSSESSION
Since neither party proved ownership of the 2.5 acres in dispute, this case is governed by LSA-C.C. Article 792, quoted above, which provides that if neither party proves ownership, the boundary shall be fixed according to limits established by possession. The defendants have proved that they and their ancestor in title, L. Dennis LaHaye, have exercised corporeal possession of all of the property at issue south of the Coonville Road since October of 1951. They erected buildings on part, ran cattle on other parts, and cleared the wood land for farming. Since defendants are in possession, the boundary between the two adjoining tracts must be fixed at the southernmost edge of Coonville Road.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that the boundary line at issue dividing the properties of the plaintiffs, Sam P. Turnbull and Alice Callegari Turnbull from the properties of the defendants, Frances W. LaHaye, L. Dennis LaHaye, Margret LaHaye Edwards and Paul Alan LaHaye, said properties being located in Section 12, Township 2 South, Range 4 East in the Parish of Avo-yelles, State of Louisiana, be recognized as the southernmost edge of the parish road known as the Connville Road, all as is more fully shown by the plat of a survey by Blanchard J. Marchand of date January 6, 1979, a copy of which is attached hereto and made a part hereof for greater certainty of description. All costs in the trial and appellate courts are assessed against the plaintiffs-appellees.
REVERSED AND RENDERED.
*1304 APPENDIX A