465 So.2d 974 (1985)
Elton J. DESHOTEL, Plaintiff-Appellant,
v.
Colton LACHNEY, Defendant-Appellee.
No. 84-198.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*975 Michael Kelly, Marksville, for plaintiff-appellant.
John Bennett, Marksville, for defendant-appellee.
Before GUIDRY, FORET and STOKER, JJ.
GUIDRY, Judge.
This is a boundary action. Plaintiff, Elton J. Deshotel, filed suit seeking to have *976 the boundary between his property and that of defendant, Colton Lachney, judicially established.
In April of 1983, Deshotel engaged Ralph Gagnard, a registered surveyor, to determine the line of division between his property and that of Lachney. Lachney refused to accept the results of such survey and removed the survey stakes placed by Gagnard. Lachney thereafter offered to purchase from Deshotel the disputed piece of property lying between the division line as set by Gagnard and fences constructed by Lachney in the years 1967 and 1971. Deshotel turned down Lachney's offer and instituted this suit seeking to have the boundary judicially established. Lachney answered the suit alleging that the fence constructed by him in the year 1967, extended in the year 1971, was the true boundary between the contiguous estates. Lachney filed a reconventional demand, requesting the court to appoint its own surveyor to determine the proper line of division between the properties. He also sought damages for Deshotel's frivolous lawsuit. Lachney later amended his reconventional demand to assert his ownership of the disputed strip by acquisitive prescription.
The court appointed a surveyor, Jessie Lachney (no relation to defendant), to determine the proper boundary line between the two estates. The court-appointed surveyor rendered his report on July 6, 1983. His survey differed from Gagnard's survey by only fourteen inches. (Lachney's survey is attached hereto as Appendix "I"). Defendant Lachney also refused to accept the results of this survey, claiming the fence line to be the proper boundary. By judgment dated January 10, 1984, the trial court held for defendant, Lachney, establishing the fence line as the legal boundary. Plaintiff appeals.
Deshotel's appeal is based on the following specifications of error:
1. The trial court erred in finding that Deshotel had always agreed that the fence line was the boundary between the properties;
2. The trial court erred in finding that the fence line was the legal boundary despite the specific acreage called for by the act of sale to Lachney;
3. The trial court erred in concluding that the parties intended the sale to be one of property within certain bounds (i.e., sale per aversionem); and,
4. The trial court erred in assessing Deshotel with all costs.

FACTS
The parties are the owners of adjoining tracts of land in Avoyelles Parish delineating their titles back to a common ancestor, Kirby Moras. Moras inherited a thirteen acre tract of land in the year 1946. In 1967, Moras sold to Colton Lachney a one-acre square tract "out of the Southeastern corner of Kirby Moras property...." Sometime following this sale, Lachney constructed a single-strand barbed wire fence across the northern boundary of his property. This was done without benefit of a survey.
Kirby Moras subsequently sold the balance of his thirteen acre tract to Edwin L. Bordelon on February 2, 1970. Bordelon conveyed this property to Elton J. Deshotel, plaintiff, on December 7, 1970.
On September 27, 1971, Deshotel conveyed to Lachney the following described property:
"A certain tract or lot of land situated lying; (sic) and being in the 5th ward of the Parish of Avoyelles, La and containing 1.6 acres of land and described as being taken out of the S. W. corner of a larger tract of land fronting the L. and L. and A. and K C Rail road right of way, by a depth of 1 acre, more or less, and bounded north by; the (sic) balance of vendors 12 acre tract, on the south by the L/ (sic) and A. and K C S Rail road right of way, East by home place of the purchaser Colton L Lachney, and west by; (sic) Gaston Juneau, and forming part of section 48, T. 1 N R 3 E.
This is one point 6 tenths of an; (sic) acre of land taken out of the S.W. corner of a *977 12 acre tract of vendor, acquired from E L Bordelon in Book A-241, at page 655, records of Avoyelles parish La."
At the time of the sale from Deshotel to Lachney, there existed no fence or other visible boundary markers separating the property sold from the remainder of Deshotel's property. Shortly after the sale, Lachney informed Deshotel of his intentions to construct a fence across the northern part of his property, an extension of the fence he had constructed after his acquisition of the Southeast one acre corner of the Moras tract in 1967. Deshotel agreed to the construction of this fence by Lachney but advised him that the location of this fence would be merely provisional pending a true location of the boundary by a surveyor.
The trial court found that the legal boundary between the estates was the fence constructed by Lachney in the year 1967 as extended in the year 1971 following his purchase from Deshotel. The trial judge concluded that it was the intent of both parties to have this fence serve as the boundary. In his written reasons for judgment, the trial judge stated:
"It is not necessary that the exact acreage as set forth in the deed be conveyed to the purchaser when the parties have agreed upon property within certain bounds. The proven intention of each of the parties prevails in this case. The parties intended that this sale to defendant by boundary was to be bounded on the north by an extension of the fence already in place. Therefore, the fence line contructed (sic) by the defendant is clearly the proper and legal boundary in this dispute."
While not specifically designating it as such, the trial judge obviously concluded that the sale from Deshotel to Lachney was a sale per aversionem, i.e., a sale of property within certain bounds or limits.

SALE PER AVERSIONEM
Plaintiff urges that the trial judge erred in finding that the parties agreed to a sale of property within certain bounds.
The doctrine of "per aversionem" sale of immovables is derived from the provisions of La.C.C. Art. 2495, which provides:
"... There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements, and sold from boundary to boundary."
In a sale per aversionem, the purchaser acquires the property located within the boundaries designated in the sales agreement, irrespective of the stated acreage in the agreement. A description of property by boundaries thus prevails over a description referring to a specific quantity or measurement. Adams v. Spillman, 290 So.2d 726 (La.App. 1st Cir.1974), writ denied, 293 So.2d 191 (La.1974). It is presumed by the nature of such a sale that both the vendor and the vendee intended to contract with reference to the boundaries, rather than with reference to quantity or length or depth. Cornish v. Kinder Canal Company, 267 So.2d 625 (La.App. 3rd Cir. 1972), writ denied, 263 La. 624, 268 So.2d 679 (La.1972), application not considered, 263 La. 800, 269 So.2d 248 (La.1972).
To constitute a sale per aversionem, it is only necessary that the property be identified as being from one fixed boundary to another fixed boundary and that it was the intent of the parties to convey the land between those boundaries. Kile v. Louisiana Limestone Aggregates, Inc., 378 So.2d 978 (La.App. 3rd Cir.1979), writ denied, 380 So.2d 71 (1980).
In the present case, the trial court found that the parties did intend to convey the property in question between certain boundaries, with a continuation of the fence erected by Lachney in the year 1967 serving as the northern boundary line. We need not decide the correctness of this conclusion since the second requirement for a sale per aversionem, insofar as the north boundary is concerned, was clearly not met. The property was not identified in the deed as being from one "fixed boundary" call on the south to another "fixed boundary" call on the north. The deed *978 states that the property is bounded on the south by the railroad right-of-way, on the east by the home place of defendant, Colton Lachney, and on the west by Gaston Juneau. The deed also states that the property is "bounded north by the balance of vendors 12 acre tract." Since there had never been a survey conducted prior to the sale in order to designate where the northern boundary line should properly be located, and plaintiff owned more land north of that sold to defendant, there was not a "fixed" northern boundary call in the deed itself, as is required for a sale per aversionem.[1]
In brief, defendant cites the case of Hulin v. Hale, 137 So.2d 709 (La.App. 3rd Cir.1962), as standing for the proposition that a sale of land described by fixed boundaries on three sides and bounded by the vendor on the fourth is nevertheless a per aversionem sale. We agree with our holding in Hulin that a sale of land described by fixed boundaries on three sides and as bounded by the vendor on the fourth may nevertheless be a per aversionem sale within the fixed boundaries. In Hulin, the tract sold was described as "having a front of two hundred (200) feet, more or less, on the north side of (U.S. Highway 90) ... by a depth between parallel lines of five hundred seventy-six (576) feet, and being bounded on the south by said (Highway 90) ... in the rear or north by the property of vendor, Edwin R. Hale, on the east by lands of I. Bailey, and on the West by a Private Road, running through the property of Edwin R. Hale (vendor)...". In Hulin, the record established that the measurement along the north side of U.S. Highway 90 extending from the boundary fence of I. Bailey on the east to the private road running through the property of vendor was 265.9 feet instead of the 200 feet. Plaintiff Hulin contended that the western boundary of the property sold should be fixed at a point 200 feet west of the Bailey fence line. In Hulin, we correctly determined that the sale was one per aversionem within the fixed boundaries, and that defendant was entitled to all of the land between the fixed eastern and western boundary calls as set forth in the deed, i.e., between the lands of I. Bailey on the east and the private road on the west. The instant case is clearly distinguishable from Hulin in that the boundary here in dispute, i.e., the north boundary of the property sold, cannot be located by reference to a fixed boundary call. As in Hulin, the sale from Deshotel to Lachney is one per aversionem within the fixed boundary calls, i.e., east by home place of Colton Lachney; south by L. and A. and KCS Railroad right of way; and west by Gaston Juneau, however, it cannot be considered as such as to the north boundary which is not fixed in the deed of sale.
Defendant argues that since the parties intended for the fence (which was constructed after the sale) to serve as the northern boundary line, that there did exist a sale per aversionem. Such a conclusion would totally disregard our laws concerning the sale of immovables. La.C.C. Art. 2275 mandates that all sales of immovables must be in writing. La.C.C. Art. 2276 states, "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since." In view of this, the designation of a sale as one per aversionem can be made only by an inspection of the sales agreement itself. No outside evidence can be supplemented to the agreement in order to establish that the sale was to be one within fixed boundaries. We thus agree with appellant that this sale, insofar as it concerns location of the north boundary, is not one per aversionem and the trial court erred in holding otherwise.

ACQUISITIVE PRESCRIPTION
Defendant next argues that the trial court's finding that the fence is the legal *979 boundary is correct because the record reflects that the parties actively acquiesced in the fence constructed by Lachney as the boundary line between their respective properties, and therefore, under the prescriptive provisions of La.C.C. Art. 853, since repealed, the fence has become the established boundary.
There is no evidence whatever supporting defendant's assertion that Deshotel ever actively acquiesed in the fence constructed by Lachney in 1967 as forming the boundary between their respective properties. La.C.C. Art. 853, since repealed, required, at the very least, active acquiesence in a visible boundary by the adjoining owners for a period of 10 years before the prescriptive provisions of that article could be invoked.
The law concerning boundary actions is found in La.C.C. Arts. 784 through 796. These articles replaced La.C.C. Arts. 856 through 869 which were repealed by Act No. 169 of 1977. Act 514 of 1977 repealed La.C.C. Arts. 797 to 822, and Act 170 of 1977 repealed La.C.C. Arts. 823 to 855. The present boundary articles became effective January 1, 1978.
Prior to the 1977 revision of the boundary articles, La.C.C. Art. 853 provided for an adverse possession of 10 years based upon acquiescence in a fixed or visible boundary. Defendant contends that Article 853, repealed as aforestated effective January 1, 1978, should be utilized in the instant case since the parties entered into the sales agreement in 1971. In support of his contention, defendant asserts that the case of LaCalle v. Chapman, 174 So.2d 668 (La.App. 3rd Cir.1965), is controlling.
In LaCalle, this court held that the 10 year prescriptive period provided by Article 853 was applicable where the parties had informally fixed a visible boundary between their adjoining estates by acquiescence in an extrajudicial survey and the construction of a fence pursuant thereto, which fence remained in place for some 16 years prior to institution of a boundary action. The court found that there was both mutual consent and active acquiescence to the boundary line as such.
Aside from the factual distinctions which do exist between LaCalle and the present case, LaCalle is no longer the law. Defendant concludes that LaCalle is still binding law because no case has since overruled it. Such a conclusion is erroneous. Although not having been judicially overruled, LaCalle was legislatively overruled by the repeal of La.C.C. Art. 853 and the enactment of La.C.C. Arts. 795 and 796. Article 795 provides that: "When the boundary is fixed extrajudicially, the agreement of the parties has the effect of a compromise." An extrajudicial fixing of a boundary must be in writing. Article 796 provides that:
"When visible markers have been erroneously placed by one of the contiguous owners alone, or not in accordance with a written agreement fixing the boundary, the error may be rectified by the court unless a contiguous owner has acquired ownership up to the visible bounds by thirty years possession."
The 1977 revisions of our boundary articles abolished the 10 year acquisitive prescription previously provided for by Article 853. Official Comment (e) to La.C.C. Art. 795 states in part that:
"(e) Article 853 of the Louisiana Civil Code of 1870 has been interpreted by three lines of decisions. According to the first, the ten year prescription applies even in the absence of a survey made by a surveyor if the parties placed visible bounds and actively acquiesced for many years. Morris v. Prutsman, 7 La.App. 404 (La.App. 1st Cir.1928); cf. Opdenweyer v. Brown, 155 La. 617, 99 So. 482 (1924) (dicta). According to the second line, the ten year prescription applies when the lines are fixed by a survey even though the surveyor did not comply with all requisite formalities, provided the parties actively acquiesced in the boundary for the requisite period of time. LaCalle v. Chapman, 174 So.2d 668 (La. App. 3rd Cir.1965); cf. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957) *980 (dicta). Finally, it has been held that the ten year prescription is available only when the lines are fixed by a survey conducted in accordance with all the requisite formalities. Fiorello v. Knecht, 334 So.2d 761 (La.App. 4th Cir.1976); Harvey v. Havard, 225 So.2d 615 (La. App. 1st Cir.1969); cf. Pan American Prod. Co. v. Robichaux, 200 La. 666, 8 So.2d 635 (1942).
In this revision, Article 853 of the Louisiana Civil Code of 1870 has been suppressed. There is no longer ten year acquisitive prescription by possession under an erroneous or formally defective survey. If the survey has become part of the agreement of the parties, the error of the surveyor in the location of the line of separation is the error of the parties. This error may be rectified unless the ten year liberative prescription has accrued. If the survey has not become a part of the agreement of the parties, the error of the surveyor is immaterial insofar as ten year acquisitive prescription is concerned."
La.C.C. Art. 853, since repealed, has no application to that section of the fence constructed by Lachney in the year 1967 because there has been no showing that plaintiff ever actively acquiesced in this fence as forming the boundary between their respective properties. As to the section of fence constructed in 1971, even if it be assumed that the record reflects acquiescence by plaintiff, the 10 year acquisitive prescription of former Article 853 had not accrued prior to repeal of that article. At the time of the repeal of Article 853, less than eight years had elapsed. Thus, no prescriptive rights vested in the defendant at that time. Defendant is, therefore, subject to the boundary laws as amended in 1977. These laws provide only for a 30 year acquisitive prescriptive period. Since such time period has not elapsed, the defendant has not acquired the disputed strip of property by prescription. For these reasons, we conclude that the trial court erred when it ordered that the boundary between the respective properties of the parties be fixed as the fence line depicted on the survey by Lachney.
Since we determine that neither party has acquired the right to a fixing of boundary according to limits established by possession, it necessarily follows that the boundary in question must be fixed according to the ownership of the parties as reflected by the titles. La.C.C. Articles 792 and 793.[2]
Two surveys were conducted in the present case in an effort to locate the ideal boundary between the properties of plaintiff and defendant. The surveys of Gagnard and Lachney, the latter appointed by the court pursuant to the provisions of La.C.C.P. Art. 3692, differed by only fourteen inches. The differences in the Gagnard and Lachney locations of the ideal boundary arise as a result of the interpretation accorded by these experts to the calls and measurements appearing in the title deeds to Colton Lachney. We have considered both interpretations and conclude that the ideal boundary as located by the Lachney survey is the more reasonable. Accordingly, we determine that the boundary line between the properties of the parties is that division line established by the survey of Jessie P. Lachney, dated July 5, 1983, which is depicted on Appendix I, attached hereto, between the points "A" and "B". This matter will be remanded to the trial court with instructions that the said court order the court-appointed surveyor to place visible boundary markers so as to clearly delineate the boundary line as fixed by this judgment. The costs occasioned in connection with the marking of the boundary to be taxed as costs of court and paid as hereinafter set forth.

COSTS
The trial court assessed plaintiff, Deshotel, with all costs of the proceedings. *981 Plaintiff argues that such assessment is erroneous. We agree.
The general rule is that the fixing of a boundary is of benefit to both parties to the action and hence the costs should be shared. Smith v. Overton, 417 So.2d 872 (La.App. 1st Cir.1982); Fontenot v. Marks, 430 So.2d 810 (La.App. 3rd Cir. 1983). We find nothing in the present case which would justify an assessment of all costs to the plaintiff. Both parties have benefited equally from the results of this case. We therefore reverse the trial court's assessment of all costs to the plaintiff and tax all costs, costs at the trial level, costs on appeal and costs incurred on remand, one-half (½) to plaintiff, Deshotel, and one-half (½) to defendant, Lachney.

DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part. We affirm the trial court's dismissal of defendant Lachney's reconventional demand. We reverse and set aside the trial court's judgment which set the legal boundary between the two estates at the fence line.
It is now ordered, adjudged and decreed that the boundary at issue dividing the property of plaintiff, Elton J. Deshotel, from the property of defendant, Colton Lachney, said property forming part of Section 48, Township 1 North, Range 3 East in the Parish of Avoyelles, State of Louisiana, be recognized as the ideal boundary line as established by Registered Surveyor, Jessie Lachney, on July 5, 1983, as is shown by the plat of survey, a copy of which is attached hereto as Appendix "I" and made a part hereof for greater certainty of description. We remand this case for the trial court to order Jessie Lachney, the court-appointed surveyor, to place visible boundary markers along the boundary line as herein fixed. All costs at the trial level and on appeal are taxed one-half (½) to plaintiff and one-half (½) to defendant.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART; AND, REMANDED.
*982 
NOTES
[1] If the parties intended the sale to be one per aversionem as to the north boundary, with an extension of the 1967 Lachney fence serving as the north boundary line of the property conveyed, this could have been easily accomplished by a reference thereto in the act of sale.
[2] The record suffices to establish, particularly the north boundary calls in defendant's deeds of acquisition, i.e., north by vendor, that the defendant's title deed does not include the strip of land in dispute, making the ten year acquisitive prescription of La.C.C. Art. 3473 inapplicable to the present inquiry. Turnbull v. LaHaye, 425 So.2d 1298 (La.App. 3rd Cir.1982).