GUIDRY, Judge.
This is a boundary action between the owners of adjacent tracts of land in rural Iberia Parish. The plaintiffs, Lillian Tauz-in, et al (hereafter Tauzin), filed suit to establish the boundary between their tract of land and that of defendant, Roy Degey-ter, Sr. The Degeyter land bounds the Tauzin land on the north and east. The parties trace their titles to a common author, Louis Tauzin. In 1916, Louis Tauzin conveyed, by sale per aversionem, a portion of his tract of land to his brother, Jean Baptiste Tauzin, plaintiffs’ father and ancestor in title. Defendant presently owns the remainder of the Louis Tauzin tract having acquired same by mesne conveyance.
At trial, the parties put at issue both the northern and eastern boundaries of the Tauzin property. Alternatively, the Tauz-ins claim the area in dispute, a .51 acre tract, by 30 year acquisitive prescription. Both parties introduced surveys of their *566 properties in evidence and conflicting testimony as to the existence and former location of an old fence separating the western end of their properties.
The trial court concluded that plaintiffs failed to prove ownership by acquisitive prescription and fixed the northern and eastern boundaries according to defendant’s survey (Simon Freyou survey), which survey the court concluded fixed the boundaries in accordance with the titles of the parties. Plaintiffs appealed. Defendant answered this appeal urging that the trial court erred in assessing costs equally between the parties.
On appeal, appellants do not urge any error in the trial court’s fixing of their eastern boundary nor do they seriously challenge the trial court’s denial of their plea of acquisitive prescription. However, plaintiffs do assert that the trial court’s fixing of the northern boundary of that part of their property west of the public road along the original meander of a “coulee”, as shown by defendant’s survey, is not in accord with the titles of the parties and, therefore, erroneous.
FACTS
Louis Tauzin owned a large rectangular tract of land in rural Iberia Parish. In 1916, he conveyed a portion of this land to his brother, Jean Baptiste Tauzin, described as follows:
“A certain tract of land, with all the buildings and improvements thereon and thereunto belonging, situated in the Fourth Ward, in said Parish and State, containing twenty-two superficial ar-pents (22), and bounded north by canal separating present property from that of vendor, south by Joseph Lasara, east by vendor and west by Bayou Teche.” (Emphasis ours).
The brothers remained in possession of their respective properties until 1933, when Louis Tauzin sold his tract to Alfred Breaux. In 1937, Breaux conveyed same to Otis Rouly, who in turn sold the property to Albert Trappey. On December 30, 1946, the defendant, Roy Degeyter, Sr., acquired the Louis Tauzin tract from Trap-pey.
At Jean Baptiste Tauzin’s death in 1948, his heirs inherited his 22 arpent tract. As a result of subsequent acts of partition and exchange, plaintiffs acquired the Jean Baptiste Tauzin tract.
The following diagram, although not drawn to scale, visually depicts the area in dispute.
*567 [[Image here]]
The Tauzin tract runs 2200 feet from east to west. The easternmost 1600 feet is separated from the western 600 feet by La. Hwy. 344, which runs north and south. Bayou Teche is the western boundary. A canal runs from the eastern end of the Tauzin property in a straight westward direction. However, the canal terminates approximately 100' west of Hwy. 344 and, at that point, it empties into a natural “coulee” which meanders southwesterly to its termination at Bayou Teche.
Neither party to this litigation contests the location of the original watercourses (canal and coulee) as shown on the sketch. Further, the parties agree that the canal delineates the boundary of their property on the east side of Hwy. 344 and on the west side of the highway until it empties into the natural “coulee”. However, plaintiffs urge that the parties to the 1916 deed semantically distinguished between a “canal” and a “coulee”, such that the northern boundary of the Tauzin tract should run along the canal but continue in an extrapolated straight line from the termination of the canal to the bayou. Plaintiffs submit that the location of an old fence on this course establishes the parties’ intention. On the other hand, defendant-appellee contends that the watercourses (canal and coulee) which, in the year 1916 and thereafter, extended from the eastern end of the Tauz-in property to its western terminus at Bayou Teche was the intended north boundary.
The record reflects that defendant moved onto his property in the year 1947. Plaintiffs moved onto their property in the year 1958. The evidence conflicts as to the location and existence of fences in the area. Plaintiffs’ evidence is to the effect that at intermittent periods from the late 1920’s to the year 1946, a fence that commenced at the end of the canal and continued in a straight westward direction towards Bayou Teche was the definitive boundary. However, defendant and his witnesses testified that defendant possessed up to a fence along the original meander of the coulee since 1946.
In 1962, the Louisiana Department of Highways constructed an improved drainage ditch from the canal terminus to Bayou *568 Teche. This new drainage ditch is situated between the “coulee” and the extrapolated canal course. The Highway Department filled up most of the “old coulee”, which is now dry. Upon completion of the new drainage ditch, defendant raised a new fence along this ditch. Neither party considers the present drainage ditch as the boundary line.
In 1984, plaintiffs and defendant had separate surveys conducted in an attempt to establish the boundary. Neither surveyor discovered any signs of a fence line extrapolating from the canal. The differences in the surveyors’ locations of the ideal boundary arise as a result of their interpretations of the 1916 deed. Distinguishing between “canal” and “coulee”, plaintiffs’ surveyor fixed the north boundary of the property west of the highway along an extrapolated line, which he designated as the “canal extended”. Conversely, defendant’s surveyor (Freyou) established the boundary along the original meander of the “coulee”. Plaintiffs assisted defendant’s surveyor in locating the old “coulee”, which was mostly filled-in after completion of the new drainage ditch. Defendant’s surveyor opined that there was only a semantical distinction between the terms “canal” and “coulee”.
The trial court rendered judgment fixing the northern boundary of the Tauzin property along the original watercourses as reflected on the Freyou survey.
INTENTION OF THE PARTIES
The sole issue on appeal is whether the boundary separating the properties at their western end should run along the meander of the former “coulee” or should be an extrapolated line bearing a westward course from the canal straight to Bayou Teche.
The location of a boundary is a factual issue which should not be reversed on appeal absent manifest error. Williamson v. Kelly, 520 So.2d 868 (La.App. 3rd Cir.1987), writ denied, 522 So.2d 562 (La.1988); McCullin v. Sumners, 401 So.2d 458 (La.App. 2d Cir.1981), writ denied, 406 So.2d 610 (La.1981).
The trial court concluded that plaintiffs did not prove acquisitive prescription by 30 years continuous, peaceable, uninterrupted possession to a visible bound. La. C.C. art. 794. Although plaintiffs do not seriously contest this ruling, they contend that they and previous owners of both tracts acknowledged the extrapolated line, marked by a fence, as the boundary by possessing on their respective sides. As previously mentioned, the evidence in regard to the existence and location of this fence is in dispute. The trial court resolved this factual issue favorable to the defendant-appellee. We are unable to conclude that his determination in this regard is clearly wrong. The surveyors testified that they found no physical evidence of a fence extending the canal’s straight course.
After concluding that plaintiffs’ prescriptive plea was without merit, the trial court proceeded to fix the ideal boundary according to the ownership of the parties as reflected by the 1916 conveyance.
The deed to Jean Baptiste Tauzin conveyed 22 arpents within certain bounds. In a sale per aversionem the purchaser acquires the property located within the designated boundaries irrespective of the call in quantity. Deshotel v. Lachney, 465 So.2d 974 (La.App. 3rd Cir.1985).
Since plaintiffs raised the issue as to the semantical difference between the terms “canal” and “coulee”, the trial court properly endeavored to ascertain the intention of the parties. In Hurst v. Ricard, 514 So.2d 14, 17 (La.1987), the Supreme Court stated:
“In resolving boundary disputes, this court has consistently recognized that the principal judicial duty and objective is to determine and implement the intention of the parties and that the rules of interpretation set forth in statutes and jurisprudence must be considered as auxiliary rather than as absolutely controlling. City of New Orleans v. Joseph Rathborne Land Co., 209 La. 93, 24 So.2d 275 (1945); Dufrene v. Bernstein, 190 La. 66, 181 So. 859 (1938); Nattin v. Glassell, 156 La. 423, 100 So. 609 (1924); Williams v. Baughman, 477 So.2d 734 *569 (La.App. 1st Cir.), cert. denied, 479 So.2d 921 (La.1985); Hester v. Smith, 72 So.2d 549 (La.App. 2d Cir.1954); Sharpless v. Adkins, 22 So.2d 692 (La.App.2d Cir.1945).
As this court explained in Nattin v. Glassell, 156 La. 423, 425, 100 So. 609 (1924):
“The polar star in all [boundary] controversies ... should be, if it can be seen, the intention of the parties. Of course, there are certain well-recognized rules, both in the statute law and jurisprudence, which serve as bearing signs in ascertaining such intention when it is otherwise obscure. Among these are that when persons own property on either side of a nonnavigable stream, which is designated as the boundary, the center or thread of such water course is considered the dividing line; and where one owning property on both sides sells a part, referring to the stream as boundary, the ownership extends to the thread, unless it clearly appears otherwise that a different purpose was intended. There are also such rules as that natural or fixed monuments, such as water courses, hills, trees, etc., prevail over artificial guides such as posts, courses, distances, quantity, etc., fixed and ascertained by human agency. However, none of these is absolutely controlling. The duty of a court is, as stated above, to determine if possible, the intention of the parties. Adm’rs Tulane Educational Fund v. Stair et al., 148 La. 11, 86 South. 595 [ (1920) ].’ ”
The trial court carefully considered the testimony of both surveyors and found defendant’s expert more persuasive. In his reasons for judgment, the trial judge stated:
“There was no conflicting evidence presented at trial as to the location of the original water course separating the properties. This Court is satisfied that the term “canal” as used in the 1916 deed is the water course that commenced at some point between points 2 and 1 on the defendant’s exhibit 2, the Simon Freyou plat, thence to Bayou Teche through points D, C, B and A. The meander of this water course from D to A, which deviated from a straight line for as much as 131 feet, was not of significance in the minds of the parties to the 1916 deed. In addition, neither the parties nor the drafter of the deed considered the fine nuances and distinctions between a ‘canal’ and a ‘coulee’. Therefore, the boundary of Tract 1 is determined to be the original meander of the watercourse as shown on the Freyou plat.”
In Thibodeaux v. Salassi, 331 So.2d 571 (La.App. 1st Cir.1976), writ denied, 337 So.2d 524 (La.1976), a strikingly similar case, contiguous properties were described as bounded by a canal or ditch. As here, the canal/ditch crossed another landmark and vanished. Id. The issue was whether the boundary should run a straight line paralleling a certain course bearing or dogleg slightly along the ditch. Id. The First Circuit held that the record was devoid of any intent of the vendor to extrapolate the line. Id. at 576. The court assumed the vendor’s reference to the canal and omission of an additional course bearing, evidenced his intention that the canal/ditch delineate the border.
We must agree that, strictly speaking, there is a semantical difference in the terms “canal” and “coulee”. Webster’s Collegiate Dictionary defines “canal” as an “artificial waterway for navigation or for draining or irrigating land”. This same source defines “coulee” as “a small stream, dry stream bed, gully”. In spite of this semantical difference in the terms, the record reflects no real physical disparity in the watercourses, other than the fact that the “coulee” meandered in a southwesterly direction to its terminus at Bayou Teche. The “canal” was shown to be 4-5 feet wide and of such depth as to hold approximately four feet of water. The “coulee” was only slightly narrower, was capable of draining the same volume of water, and widened at the point it emptied into Bayou Teche. The trial court concluded that the watercourse (canal and coulee), which ran along the entire northern boundary of the Tauzin property, was the boundary which the par *570 ties intended. We find no clear or manifest error in this conclusion. In our view, the trial court’s determination is supported by reference in the 1916 deed to the canal as the north boundary and the omission of an additional boundary call or a course bearing extrapolating from the canal terminus to the bayou.
COSTS
Defendant alleges that the trial court erred in assessing costs equally to both parties. The trial court has great discretion in assessing costs in a boundary action. McCullin v. Sumners, supra. The general rule is that fixing a boundary is beneficial to both parties and the costs should be shared equally. Deshotel v. Lachney, supra, at 981. We find no error in the trial court’s assessment of costs.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs.
AFFIRMED.