liYELVERTON, Judge.
This is an appeal by Donald Gaharan and his daughter Phyllis, defendants, from a judgment which ordered them to refund $14,-750 to Charles Lasiter, the plaintiff. Lasiter had bought a piece of property from the Gaharans. The property was described as *396 containing 80 acres, more or less. It was discovered after the sale that it actually contained only 43.20 acres. The trial court ordered ¿^diminution of the purchase price for failure of the seller to deliver the full extent of the property. The Gaharans appealed. We affirm.
Lasiter bought the land for $50,000 cash. The Gaharans had inherited the property. What they sold to Lasiter was described in the cash sale instrument as follows:
A certain piece, parcel or tract of land, together with all buddings and improvements thereon, and all rights, ways and privileges thereto appertaining, being, lying and situated in the Parish of Catahou-la, State of Louisiana, and being more particularly described as follows, to-wit: That part of the East Half (E]é) of Babin Ricquet, Section 50, Township 8 North, Range 5 East, lying North of Louisiana State Highway 8, Catahoula Parish, Louisiana, estimated to contain approximately 80 acres, being the same property acquired by Vendors by Judgment of Possession in the Succession of Philip S. Gaharan, Jr., filed October 12, 1990, under file Number 220295, and recorded in Conveyance Book 158, Page 99, of the records of Catahoula Parish, Louisiana, and by Amended Judgment of Possession, filed October 12, 1990, under File Number 220296, and recorded Under File Number 220296, and recorded in Conveyance Book 158, Page 105 of the records of Catahoula Parish, Louisiana.
Lasiter bought the land mainly for the timber. Before the sale, he hired Mike Al-britton, a forestry consultant, to cruise the land for him. Albritton got a map from the tax assessor’s office. He physically went to the property and estimated the timber based on the map which showed approximately 80 acres.
After the purchase, Lasiter cut what he thought was his 80 acres of timber. He learned that he had trespassed on neighboring property. Lasiter then had his purchase surveyed. The survey showed that the property he bought was actually 43.20 acres. Al-britton returned and counted the stumps on the land that Lasiter had Uovercut. Lasiter then paid the owners who had suffered the trespass for the overcut trees.
On appeal, the Gaharans claim that this was a sale per aversionem pursuant to La. Civ.Code art. 2495, and that, accordingly, the trial court erred in ordering a diminution of the purchase price when it was discovered that the sale was short on acreage. A sale per aversionem is a sale when the object is designated by the adjoining tenements and sold from boundary to boundary. Article 2495. In such a sale, there can be neither an increase nor diminution of price on account of a disagreement in measure. Id. They claim that this was a sale per aversionem because the description of the property was from one fixed boundary to another.
The code articles dealing with the obligation of the seller to deliver the full extent of the immovable sold were amended by Acts 1993, No. 841, § 1, effective January 1,1995. The sale in this case was in 1991. For our purposes as applied to this ease, the only change in the law is that a sale hitherto referred to as a sale per aversionem is now described as a sale of a certain and limited body or a distinct object.
The Gaharans have cited the case of Cornish v. Kinder Canal Company, 267 So.2d 625 (La.App. 3 Cir.), writ denied, 263 La. 624, 268 So.2d 679 (1972), writ not considered, 263 La. 800, 269 So.2d 248 (1972), in support of their position that the above description of property is a sale per aversion-em. In the cited case the property sold was described as follows:
‘Also all that portion of the North East quarter of Section Twenty six in Township No. Six South Range No. Five West, that lies North of the Calcasieu River Irrigation Co.’s Canal, containing 5 acres more or less.’ Id. at 628.
Uln that case the court found that the property conveyed was triangular shaped, with the canal crossing the northeast/northwest comer of the section, thus establishing clear boundaries. It was bounded on the north by the north line of Section 26, on the east by the east line of Section 26, and on the southwest by the canal. The court held that a section line is sufficient to constitute a “fixed *397 boundary,” and that that was a sale per aversionem.
In the present case there are only three clear boundaries. Mr. Allbritton cruised what he determined to be 80 acres, finding one good boundary, the southern boundary of La. Hwy. 8. He assumed the section lines of Section 50 on the north and east were boundaries, but there was nothing on the west side to go by except what was necessary to make up 80 acres. In fact, the property was bounded on the north and east by Section 50 and on the south by Highway 8. However, there is no clear boundary for the west. If one boundary of the four-sided tract is not identified in the deed, it is not a sale per aversionem. Deshotel v. Lachney, 465 So.2d 974 (La.App. 3 Cir.1985). This sale was not one per aversionem.
This was a sale per lump. La.Civ. Code art. 2494. In the present case the cash sale instrument showed that the sale was made in consideration of $50,000. No amount per acre was specified. Pursuant to Article 2494 the purchaser of immovable property for a lump sum can not claim a diminution of the price on a deficiency of the measure, unless the real measure comes short of that expressed in the contract by one-twentieth. In the present case, the cash sale stated that 80 acres more or less was being conveyed. One-twentieth of 80 acres is four acres. A survey of the property after it was bought revealed that 43.20 acres was actually conveyed. UThe property conveyed to Lasiter was short 36.8 acres. The trial court was correct in ordering that the sale price of the land be reduced.
The defendants also argue that the trial court awarded too much as a diminution in the sales price. They claim that the trial court should have considered that Lasiter made more money selling the timber than he paid for the land and therefore was not damaged. The fact that Lasiter may have profited by buying this property and selling the timber has no bearing on the agreement he reached with the sellers for the purchase of 80 acres. He bought the land for the timber. The defendants could have sold the timber but chose instead to sell the land. Lasiter simply made a good business deal. His profit would have been greater had he received the full 80 acres. We agree with the trial court that Lasiter is entitled to a diminution of the purchase price.
We also find that the trial court’s determination of the amount of diminution of the purchase price was not an abuse of discretion. The trial court made a determination that the value of the land was $750 an acre. It did so based on the value of the timber that Lasiter sold off the land. In oral reasons for judgment the trial judge explained, in general although not in particular, how he arrived at the diminution figure of $14,750. He took into account what Lasiter thought he was buying, and what he actually bought; what he got for the timber; and what he recovered when he conveyed the bare land after the timber was cut. Lasiter testified that what he believed he was getting out of his $50,000 purchase of 80 acres was 80 acres at $625 an acre. Considering that his loss by this measure would have justified a diminution in price of over $20,000, we cannot say that a reduction of only $14,750 was an abuse of discretion.
|6For the reasons set forth in this opinion the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendants-appellants.
AFFIRMED.