FRUGÉ, Judge.
This is a petitory action brought by Ode-once Schexnayder, who claims title to certain property located in Abbeville, Louisiana. The land in dispute measures approximately 20 feet north and south and 125 feet east and west.
The pertinent facts are as follows:
1.The land in question is part of a city block in Abbeville. The entire block was originally owned by the Sawyer family. The block measures 230 feet north and south. We are concerned only with the eastern 150 feet of the block, which is bounded north by Wabash Street, east by Alley Street, south by Fairmount Street, and west by other property owners whose designation is unimportant to this suit.
2. The Sawyers decided to divide the block into lots. They sold one lot on Fair-mount Street measuring 50 feet east and west and 100 feet north and south to Ernest Williams, also called Levy. This lot was approximately 75 feet west of Alley Street.
3. On June 9, 1937, the Sawyer family sold a lot 50 feet east and west by 100 feet north and south to Ophelias Duhon, father of defendant Lenix Duhon, Sr. The lot was on Fairmount Street and was adjacent to and east of Ernest Williams’ lot. The lot was described as follows:
“That certain lot or parcel of ground lying and being situated in the Town of Abbeville, Vermilion Parish, Louisiana, having a front on street of Fifty Feet on South line, by a depth of One Hundred Feet Between parallel lines, and being bounded on the North by vendors, East by vendors, South by said street on which it fronts, and West by Ernest Williams.”
This left the Sawyers owning all of that portion of the block which we are concerned with in this suit except for the lots sold to Williams and Duhon. The Sawyers’ land included twenty-five feet of frontage on Fairmount Street on the southeast corner of the block.
4. On November 10, 1939, Ophelias Du-hon sold his lot to Lenix Duhon, Sr., describing it as follows:
“One certain piece or parcel of ground situated in the Sawyer Annex to the Town of Abbeville, Vermilion Parish, Louisiana, measuring Fifty feet front on Fairmount Street, by the depth of One Hundred feet North and South be *395 tween parallel lines and being bounded on the North by Sawyer or assigns, South by Fairmount Street, East by Sawyer or assigns and West by Ernest Williams, or assigns.
Being same property acquired by Ophelias Duhon from Jonaus Sawyer and others as per deed recorded in Book 133 of Conveyances, at page 147, under No. 62306, Records of Vermilion Parish, Louisiana.”
5. On January 7, 1942, Lenix Duhon, Sr. bought from the Sawyers a parcel of land on the northeastern corner of the block in question and in the act of sale the land was described as follows:
“That certain parcel of ground lying and being situated in the Town of Ab-beville, Vermilion Parish, Louisiana, having a front of One Hundred and Fifty (ISO) feet on a public street by a depth between parallel lines of One Hundred and Ten (110) Feet, more or less, and being bounded North by said public street, East by vendors herein, South by vendee herein, and West by vendors herein.”
6. On April 28, 1943, Lenix Duhon, Sr., sold a portion of the land he acquired in 1942 to Olita Trahan and described that portion as follows:
“That certain lot or parcel of ground lying and being situated in the Town of Abbeville, Vermilion Parish, Louisiana, having a front of One Hundred and Twenty Five (125) Feet on a public street, by a depth between parallel lines of One Hundred and Ten (110) Feet, and being bounded on the North by the said public street, on the East by a Street, on the South in part by Ernest Levy, and in Part by vendor herein, and on the West by Mary Sawyer, wife of Felix Walker.”
7. In 1943 Olita Trahan fenced off a 20 feet north and south by 125 feet east and west strip immediately south of her property and used it for a pasture. This is the land in question in this suit.
8. In 1957 Lenix Duhon, Sr., moved the fence, indicating that the 20 feet by 125 feet strip belonged to him. It has remained in the possession of the defendants since that time.
9. On April 30, 1958, Olita Trahan purchased the 20 feet by 125 feet strip in question from the Sawyers, on the assumption that the strip had never been alienated by the Sawyers. The sale described the land as follows:
“A certain lot or parcel of ground lying and being situated in the City of Abbe-ville, Vermilion Parish, State of Louisiana, having a width, North and South of twenty (20) feet, more or less, by a length, East and West, of one hundred twenty (120) feet, bounded on the North by Olita Trahan, purchaser herein, East by an alley, South by Lenix Duhon and Ernest T. Williams and on the West by Lots 2 and 4 of a plat of partition recorded in Volume 159 of Conveyances, Page 163, under entry number 76560, Records of Vermilion Parish, Louisiana. The property herein conveyed being a portion of the same property acquired by vendors by inheritance from their deceased father. The property herein conveyed being especially described on the sketch attached hereto and made a part hereof and delineated thereon as ‘Lot sold’.”
10. On March 30, 1961, defendant Lenix Duhon, Sr., sold the land in question to his son, Lenix Duhon, Jr.
11. On November 20, 1961, the heirs of Olita Trahan sold to plaintiff all the land they had acquired from their mother, using the same descriptions by which their mother acquired.
The above shows that this case deals with a dispute over a small piece of land measuring approximately 20 feet north and south and 125 feet east and west. The land lies *396 between land on the north which unquestionably belongs to the plaintiff and land on the south, part of which unquestionably belongs to the defendants. Since plaintiff is not in possession of the land, he brought this petitory action as required by Article 3651 of the Code of Civil Procedure. The trial court rendered a judgment in favor of the plaintiff. From this judgment defendants appeal.
Article 3653 of the LSA-Code of Civil Procedure provides as follows:
“To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a pet-itory action shall:
“(1) Make out his title thereto, if the court finds that the defendant is in possession thereof; or
“(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof.”
In the present case the defendants fenced off the property in 1957 and have remained in possession of it since that time. Therefore, under Article 3653 of the LSA-Code of Civil Procedure, quoted above, the plaintiff in this proceeding carries the burden of making out his title to the property in dispute. The trial court concluded that plaintiff had discharged this burden of making out his title to the property.
The whole case depends on the interpretation of the sales from the Sawyers to Lenix Duhon, Sr., on January 7, 1942, and from Lenix Duhon, Sr., to Olita Trahan on April 28, 1943.
Defendants contend that the sale by the Sawyers to Lenix Duhon, Sr., on January 7, 1942, was one per aversionem and therefore Lenix Duhon, Sr., actually acquired the entire 130 feet north and south, giving him all of the property from Wabash Street south to lots owned by him, Ernest Williams, and the Sawyers. Defendants further argue that since plaintiff’s ancestor in title only acquired a specific 110 feet under the act of sale from Lenix Duhon, Sr., to Olita Trahan in 1943, defendants are still the owners of the 125 feet by 20 feet strip in question in this case.
The trial court held that the sale of January 7, 1942, by the Sawyers to Lenix Du-hon, Sr., was not one per aversionem. If found that it was the intention of the parties that Lenix Duhon, Sr., was not to acquire title to the land in dispute in this case by that sale. The trial court then concluded that since the Sawyers remained the owners of the land in question in this case, they transferred a valid title to plaintiff’s ancestor in title in 1958.
Our reading of the record convinces us that the result reached by the trial court in this case was correct. However, we arrive at our decision for different reasons.
“If any one sells or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title.” LSA-Civil Code, Art. 854. “Also, a sale by fixed boundaries is a per aversionem sale, even though measurements or quantities are also given; the boundaries given then control over the enumeration of measurements or quantities; and the sale thus conveys all of the property found between the boundaries given.” Hulin v. Hale, La.App. (3rd Cir.), 137 So. 2d 709, 712 and the many cases cited therein.
It is our opinion that the sale from the Sawyers to Lenix Duhon, Sr., on January 7, 1942, was one per aversionem. The property was described as having a front of 150 feet on the public street by a depth of 110 feet, more or less, between parallel lines and being bounded “south by vendee herein.” This description is incomplete in that the property was not *397 bounded on the south by the vendee, Du-hon, alone but also by Williams and Sawyer. However, it seems clear from the record that when the Sawyers sold Duhon this property in 1942 the depth of the property was unknown to the Sawyers because there was some uncertainty as to where the front line on the street was located. Apparently the street had not yet been dedicated and was not shown on any plat with much certainty. So the parties just described the property as having a depth of 110 feet, more or less, and bounded “south by the vendee herein.” This meant that they intended the depth of the property to run back to the property which Duhon already owned. Any other construction would require that we give no meaning whatever to the phrase stating that the property was hounded “south by vendee herein.” It must be assumed that each word and phrase used in the description of property was intended to have some meaning and where the description is vague or incomplete then a construction should be adopted which best harmonizes the intention of the parties. Further, descriptions of property should be liberally construed in favor of the vendee.
The sale by Lenix Duhon, Sr., to Olita Trahan on April 28, 1943, of the tract described as having a front of 125 feet on the public street and running back a depth of 110 feet (the deed does not say more or less) and being bounded on the south by Levy and Duhon, was also one per aversionem. Although this act of sale gives a specific depth of 110 feet, and does not say 110 feet more or less, still it gives the south boundary as being Levy and Duhon, who were the adjoining property owners. A correct depth hack to the properties of Levy and Duhon was 130 feet instead of 110 feet, but boundaries control over measurements in a per aversionem sale. Thus, the land in question in this suit became the property of Olita Trahan in 1943. It remained her property until transferred by her heirs to plaintiff in 1961.
For the foregoing reasons the judgment of the district court is affirmed. Defendants are assessed costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.