520 So.2d 868 (1987)
Walter WILLIAMSON, et ux., Plaintiffs-Appellees,
v.
Harold L. KELLY, et ux., Defendants-Appellants.
No. 86-1052.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
Writ Denied January 8, 1988.
*869 Gahagan & Gahagan, Marvin Gahagan, Natchitoches, for plaintiffs-appellees.
Culpepper, Teat, Caldwell & Avery, David T. Caldwell, Jonesboro, for defendants-appellants.
*870 Before KNOLL and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a boundary dispute concerning two adjoining pieces of property on Clear Lake in Natchitoches Parish, Louisiana. The plaintiffs filed suit to establish the boundary between their own tract[1] and that of the defendants which adjoins it to the north. The defendants contend the boundary has already been established and, alternatively, they have acquired the property through ten and thirty years acquisitive prescription. The plaintiffs contend the defendants have encroached 10 feet into the northeast corner of the plaintiffs' property.
The plaintiffs and the defendants trace their titles to a common author; the plaintiffs have the more ancient title. Both parties introduced as evidence surveys of their property and conflicting testimony as to the former location of an old fence between their properties. The trial court found the defendants had not proven acquisitive prescription and fixed the boundary according to the plaintiffs' title. The defendants appealed.

ASSIGNMENTS OF ERROR
The defendants' assignments of error have been consolidated as follows:
1. The plaintiffs did not prove there is in fact a boundary dispute between the parties.
2. The trial court erred in finding the plaintiffs' property was sold per aversionem.
3. The trial court erred in fixing the boundary according to the plaintiffs' title rather than according to the defendants' title or to the extent of the defendants' ownership through acquisitive prescription.
4. The plaintiffs' survey was incorrectly admitted into evidence and relied on by the trial court in fixing the boundary because it was not executed in accordance with correct surveying standards.
5. The plaintiffs did not carry their burden of proof in establishing the correct boundary.

ISSUE NO. 1
The defendants assert there was no overlap of property established, and therefore no boundary dispute. However, the plaintiffs claim the defendants have placed a shed some eight feet over the property line onto the plaintiffs' property while the defendants contend that the shed is on their own property. This establishes a boundary dispute. Moreover, an action in boundary may properly be resorted to where, although once established by a physical barrier or markers, the physical bounds or markers have been completely eradicated. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957). It has been admitted that an old fence used to stand between the properties herein, but its exact former location and its present existence are disputed. Thus, the boundary action is proper and available to plaintiffs for the relief sought.

*871 ISSUE NO. 2
The defendants contend the trial court erred in "the evident determination by the court" that the plaintiffs acquired their property in a sale per aversionem because the property is not established by fixed boundaries to the north and south. The defendants cite Deshotel v. Lachney, 465 So.2d 974 (La.App. 3d Cir.1985), in support of this contention. The trial court did not state anything in its brief reasons for judgment which characterized the description in plaintiffs' deed as a sale per aversionem. However, we will address the issue based on defendants' allegation that he apparently did so.
The plaintiffs' deed establishes their property as bounded on the north by the property of O.D Guin, on the south by the property of Louis C. Hall, on the east by Clear Lake and on the west by the graded road. We set forth in full the trial court's reasons for judgment as Appendix I. The court in Deshotel, at page 978, found a boundary fixed by the property of another is sufficient, but a boundary described as "bounded north by the balance of vendor's 12 acre tract" is not. Therefore, the Deshotel case is inapposite to the defendants' argument. A contiguous tract of land may serve as a boundary in a sale per aversionem. Randolph v. Sentilles, 110 La. 419, 34 So. 587 (1903). We find no error on the part of the trial court concerning this assignment.

ISSUE NO. 3
The defendants contend the trial court erred in fixing the boundary according to the plaintiffs' title, rather than according to the defendants' title or to the extent of the defendants' ownership through acquisitive prescription. LSA-C.C. art. 794 was explained by this court in Fontenot v. Marks, 430 So.2d 810 (La.App. 3d Cir.1983):
"The applicable law was set forth in LeBlanc v. LaBorde, 368 So.2d 1126 (La. App. 3rd Cir.1979) wherein this court stated:
`[W]here there is a visible boundary and where there has been actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds, then the party who possesses acquires the right to the land beyond their title. William T. Burton Industries, Inc. v. Wellman, 343 So.2d 996 (La.1977); Brookshire v. Guidry, 355 So.2d 559 (La.App. 3 Cir.1978).
The requirements of these articles indicate that one must maintain an enclosure, such as a fence, around the property and exercise open, physical possession as owner for a continuous and uninterrupted period of thirty years. Martin Timber Company v. Taylor, 187 So.2d 196 (La.App. 3 Cir.1966). There must have been not only evidence of a corporeal possession of the property for the required period of time, but also a positive intent to possess as the owner shown by the possessor during the time. William T. Burton Industries, Inc. v. McDonald, 346 So.2d 1333 (La.App. 3 Cir.1977). Finally, the tacking of possession of all predecessors in title is permitted for acquisitive prescription beyond title to a visible boundary. Dubois v. Richard, 223 So.2d 198 (La.App. 3 Cir.1969).'
We note that in a boundary action, the boundary's location is a question of fact to be determined by the trier of fact, and such a determination should not be reversed on appeal in the absence of manifest error. Richardson v. Scrantz, 385 So.2d 1269 (La.App. 3rd Cir.1980); Simmons v. Toliver, 422 So.2d 729 (La. App. 3rd Cir.1982)."
The trial court found as a fact that the defendants did not prove acquisitive prescription. This finding is not manifestly erroneous since no visible boundary was maintained by either party. Indeed, the problem here centers around the exact former location of an old, disintegrated fence between the tracts. Therefore, the trial court's holding on the issue of acquisitive prescription is affirmed.
After determining ownership was not established by acquisitive prescription, the trial court correctly next looked to the *872 titles of the parties to establish the boundary. LSA-C.C. art. 792. LSA-C.C. art. 793 states, "When the parties trace their titles to a common author, preference shall be given to the more ancient title." In this case the plaintiffs' title derives from a 1952 sale from O.D. Guin to E.P. Hensley. The defendants' title derives from a 1962 sale by O.D. Guin to the defendants and J.W. Kelley. Therefore, the plaintiffs' title is more ancient and the trial court properly gave it preference over the defendants' title, in using it to fix the boundary. See also, Hurst v. Ricard, 506 So.2d 1202 (La. 1987).
The defendants err in asserting the trial court relied on the plaintiffs' survey in fixing the boundary. The judgment recites only the plaintiffs' deed description in fixing the boundary.[2] The trial court's judgment is set forth as Appendix II to this opinion. The incorporation of the plaintiffs' survey into the trial court's reasons for judgment or opinion for clarification purposes is irrelevant because the reasons for judgment form no part of the judgment itself. Morgan's Louisiana & T.R. & S.S. Co. v. John T. Moore Planting Co., Ltd., 130 La. 78, 57 So. 635 (1912). (Actually, the survey is not attached to the reasons in the record filed in this court.) We find no error on the part of the trial court with respect to this assignment of error.

ISSUE NO. 4
The defendants contend the plaintiffs' survey was incorrectly admitted into evidence (its admission was not objected to at trial) and was improperly relied on by the trial court in fixing the boundary. However, the trial court properly relied on the plaintiffs' title to fix the boundary, as discussed above, not the plaintiffs' survey. Where the boundary can be fixed in accordance with the ownership of the parties, under LSA-C.C. art. 793, the court need not resort to surveys. See, Hargis v. Verenco, Inc., 482 So.2d 1045 (La.App. 3d Cir. 1986). Furthermore, LSA-C.C.P. art. 3693 provides:
"After considering the evidence, including the testimony and exhibits of a surveyor or other expert appointed by the court or by a party, the court shall render judgment fixing the boundary between the contiguous lands in accordance with the ownership or possession of the parties."
In the case before us the trial court considered the surveys of both parties, the testimony of both parties, the titles of both parties and the entire record. Preference was properly given to the plaintiffs' more ancient title, on which the plaintiffs' survey was based.
The defendants-appellants contend that reliance on plaintiffs' survey was not warranted. Plaintiffs' survey, based as it was on the plaintiffs' title, serves primarily for illustrative purposes. However, it will be noted that the survey correctly commences at a corner point established by the longstanding recognition of owners as an established boundary corner. Horneman v. Giles, 381 So.2d 892, at 894 (La.App. 2d Cir.1980), writ denied, 385 So.2d 268 (La. 1980). (That corner is the northeast corner of the Louis C. Hall property located in Section 30, Township 11 North, Range 6 West in Natchitoches Parish, Louisiana.) The requirements of LSA-R.S. 50:121, et seq. and LSA-R.S. 50:151, et seq. relate to official surveys by the state or a parish to establish or reestablish township lines, range lines, section lines, section corners and half-mile stations, and are not authorities which support appellants' contentions. The trial court was presented with sufficient evidence to determine the location of the boundary and did not err in fixing the boundary as described in the plaintiffs' title, *873 which is illustrated by the plaintiffs' survey.
The defendants contend the boundary described in the plaintiffs' deed, running north 260 feet from the south boundary "with the meanderings of Clear Lake," cannot be located on the ground. However, as described in the deed, and recognized by the plaintiffs' surveyor and the trial court, the 260 feet is not a measure along the actual meanderings of Clear Lake. Such an interpretation would result in a constantly changing boundary as the bank of the lake changed, and hence the measure of the 260 feet would fluctuate with the changes.
Although the language in the plaintiffs' deed reading "running North with the meanderings of Clear Lake a distance of 260 feet" introduces an element of ambiguity in the deed, a reading of the whole deed clarifies the matter. The 260 feet is measured in a straight line. The north boundary runs eastward from the long-established northwest corner of the plaintiffs' property to Clear Lake along a line parallel to the plaintiffs' long-established south boundary (the property of Louis C. Hall); these parallel lines are 260 feet from each other at each end. The law is explicit that the sidelines of a tract of land on a watercourse are equidistant unless a title specifies that they should open or close. Hurst v. Ricard, 506 So.2d 1202 (La.1987). The plaintiffs' title specifically provides for parallel sides. The boundary is ascertainable on the ground. We find appellants' assignments on these issues are not convincing.

ISSUE NO. 5
Finally, the defendants contend the plaintiffs did not carry their burden of proof in establishing the boundary. We disagree. The plaintiffs have proved a more ancient title than the defendants' title (both of which trace back to a common author) and the defendants have not proved ownership by acquisitive prescription. This is sufficient for the plaintiffs to prevail under LSA-C.C. art. 793. A.N. Yiannopoulos, Property § 192, at 523, in 2 La. Civil Law Treatise (2d ed. 1980).

CONCLUSION
For the reasons assigned above, the judgment of the trial court is affirmed, and the defendants-appellants are assessed the costs of appeal.
AFFIRMED.
KING, J., dissents for written reasons assigned.

APPENDIX I

OPINION
This is a suit filed by the plaintiffs to establish a boundary. The defendants own an adjoining lot next to the plaintiffs. The defendants plead ten and thirty years acquisitive prescription.
This Court finds that the defendant has not proved with that degree of proof necessary that he has acquired any of the plaintiff's land by ten or thirty year acquisitive prescription.
The Court accepts the testimony of the plaintiff to the effect that the plaintiff regularly went past remnants of an old fence which protruded through large tree trunks; bushhogging, cleaning and keeping up the plaintiff's property. While the Court accepts the photographs introduced into evidence proving that a fence at one time existed, this Court holds that the fence had fallen down, that it did not constitute a boundary, and that the defendant did not possess any of the plaintiff's property in notorious and uninterrupted possession for ten or thirty years.
The Court further finds that under Article 793 of the Civil Code, that the defendant did not have a good faith title to the disputed strip and, therefore, the ten year prescriptive period is not applicable.
For these reasons, let there be judgment in favor of the plaintiffs and against the defendants, declaring the property line between them to be as follows:
That certain tract of land, together with all buildings and improvements thereon *874 located, situated in Natchitoches Parish, Louisiana, in Section 30, Township 11 North, Range 6 West, containing 3 acres, more or less, said property described as commencing at the Northeast corner of the property now owned by Louis C. Hall, formerly John R. Shows, and running North with the meanderings of Clear Lake a distance of 260 feet, thence run West between parallel lines a distance of 550 feet, more or less, to the graded road. The property herein described being bounded North by property of O.D. Guin, East by Clear Lake, South by property of Hall, and West by the graded road, and being the same property acquired by David C. Graham from E.P. Hensley by deed dated April 19, 1958, and of record in Conveyance Book 232, Page 436, records of Natchitoches Parish, Louisiana;
All as shown more particularly by a Map of Survey dated July 30, 1984, showing a lot located in the Southwest quarter (SW ¼) of the Northeast quarter (NE ¼) of Section 30, Township 11 North, Range 6 West of Natchitoches Parish, Louisiana. (A copy of the Plat of Survey is attached to this Opinion for clarity).
All costs of this suit are assessed to the defendants.
Opinion rendered at Natchitoches, Louisiana, on this, the 15th day of July, 1986.

APPENDIX II

JUDGMENT
This matter was tried on the merits on June 16, 1986, with all parties present and represented by counsel; and then having been submitted to the Court for decision, and with the law and evidence being in favor of the following judgment, for the reasons stated in the Court's written Opinion dated July 15, 1986, accordingly, it is
ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the Plaintiff, WALTER WILLIAMSON and his wife, SADIE MAE SAUCE WILLIAMSON, and against the Defendants, HAROLD L. KELLY and his wife, HOPE VIRGINIA KELLY, decreeing the property lines between them to be as follows:
That certain tract of land, together with all buildings and improvements thereon located, situated in Natchitoches Parish, Louisiana, in Section 30, Township 11 North, Range 6 West, containing 3 acres, more or less, said property described as commencing at the Northeast corner of the property now owned by Louis C. Hall, formerly John R. Shows, and running North with the meanderings of Clear Lake a distance of 260 feet, thence run West between parallel lines a distance of 550 feet; more or less to the graded road. The property herein described being bounded North by property of O.D. Guin, East by Clear Lake, South by property of Hall, and West by the graded road, and being the same property acquired by David C. Graham from E.P. Hensley, by deed dated April 19, 1958, and of record in Conveyance Book 232, Page 436 records of Natchitoches Parish, Louisiana.
All costs of this suit are assessed to the Defendants.
JUDGMENT RENDERED AND SIGNED in CHAMBERS at Natchitoches, Parish of Natchitoches, Louisiana, this 24 day of July, 1986.
KING, Judge, dissenting.
The real issue presented by this appeal is the actual physical location on the ground of the plaintiffs' and defendants' property described in each of their deeds.
The trial court, and this court, fixed the physical location of the properties on the ground in accordance with the survey of the plaintiffs' surveyor. This survey was not, in my opinion, a proper survey upon which to determine the actual physical location of the plaintiffs' and defendants' property on the ground.
For these reasons I respectfully dissent from the decision of the majority.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The plaintiffs allege in their petition that the description of their property, and which is the same as contained in their deed in evidence, is as follows:

"That certain tract of land, together with all buildings and improvements thereon located, situated in Natchitoches Parish, Louisiana, in Section 30, Township 11 North, Range 6 West, containing 3 acres, more or less, said property described as commencing at the Northeast corner of the property now owned by Louis C. Hall, formerly John R. Shows, and running North with the meanderings of Clear Lake a distance of 260 feet, thence run West between parallel lines a distance of 550 feet, more or less, to the graded road. The property herein described being bounded North by property of O.D. Guin, East by Clear Lake, South by property of Hall, and West by the graded road, and being the same property acquired by David C. Graham from E.P. Hensley by deed dated April 19, 1958, and of record in Conveyance Book 232, Page 436, records of Natchitoches Parish, Louisiana."
[2] The description of the boundary contained in the trial court's judgment is in proper form in our opinion. The trial court in its judgment decrees judgment in favor of plaintiffs and against defendants "decreeing the property lines between to be as follows: ...." What follows is the full description of plaintiffs' title giving all four boundaries. For clarity and to eliminate any ambiguity, we state that it is obvious that the property line between the parties is the north line of plaintiffs' property as described in plaintiffs' deed. That is the effect we give to the judgment.