DOMENGEAUX, Judge.
Mildred Mailhes, as the owner of an undivided one-half interest in approximately 18.632 acres of land in Vermilion Parish, La., instituted this declaratory judgment action against some of her relatives, namely Martha Lege, Joyce Marie Mailhes, Adíes Mailhes, Frank Mailhes, Jr., Noemie Touchet, and Eula Mailhes. Plaintiffs husband, Jeffrey J. Faulk, Sr., instituted a damage claim against the same defendants, but that matter has been severed from the main demand and is not before us at this time.
Mildred Mailhes and the defendants are the heirs of Rosa Boudreaux. Through a Judgment of Possession in the Succession of Rosa Boudreaux, dated October 27, 1983, Eula Mailhes received Tract No. 1 containing 18.632 acres, as shown on a plat of survey prepared by Noy 0. Lewis, Registered Surveyor, dated September 6, 1963; Adíes Mailhes received Tract No. 2, containing 18.632 acres, all shown on the same survey plat; Martha Lege received Tract No. 3, containing 18.632 acres, all on the same survey plat; and Mildred Mailhes, Joyce Marie Mailhes, Frank Mailhes, Jr., and Raywood Mailhes, the latter not a party herein, received Tract No. 4, containing 18.632 acres, all shown on the same survey plat.
In order to prepare her portion of the property for soybean planting, Mildred ordered a survey so that she could mark her boundaries. This dispute arose when the survey ordered by Mildred showed a 1.093 acre discrepancy with the 1963 Lewis survey. According to the new survey, done by Harold Letz, the 1.093 acre shortage would fall fully within the eastern half of Tract No. 4. Mildred was told that the boundaries established in the Lewis survey would have to be shifted so that each heir would receive an equal portion of the property.
Plaintiff subsequently filed a declaratory judgment action seeking recognition of the Lewis survey as erroneous and further seeking a decree that the survey plat of Harold Letz be deemed correct and the property at issue be re-divided in accordance therewith.
Prior to the circumstances leading up to this lawsuit, Mildred and her siblings, Joyce, Frank, and Raywood Mailhes, entered into a two-fold written agreement. First, they agreed that Mildred would exchange her interest in a separate piece of property for Raywood’s interest in Tract 4. That exchange has been completed and is not a subject of this appeal.
The second part of the written agreement evidenced the parties’ intent to partition Tract 4, as shown on the aforementioned survey plat of Noy O. Lewis. Mildred was to receive the easternmost half of the property pursuant to an Act of Partition which the parties would execute at a later date.
*1002 The parties never did carry out the second part of their agreement, as Mildred declined to sign the Act of Partition when it was offered to her for execution. As a result of Mildred’s refusal to abide by the agreement, defendants Joyce and Frank Mailhes, as plaintiffs-in-reconvention, requested that the Court dissolve the aforementioned written agreement to partition Tract 4, and now desire that the property be partitioned in kind with the parties to draw lots.
After trial on the merits, judgment was rendered in favor of the defendants, and the parties with an interest in Tract 4 were ordered to draw lots for its partition. Plaintiff has appealed, raising the following issues:
(1) Does the evidence clearly indicate an error in the original survey plat of Noy 0. Lewis, dated September 6, 1963, giving less acreage to Tract 4 as opposed to Tracts 1, 2, and 3 of that survey plat?
(2) Was the action of Mildred Mailhes in refusing to execute the partition agreement so unreasonable as to constitute a default, thereby causing the dissolution of the partition agreement?
ISSUE ONE
The propriety of the Lewis survey is a factual question which should not be disturbed on review in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Specifically, in a boundary action, which involves the same type of data and factual questions as those presented herein, the manifest error standard of review is applicable. Williamson v. Kelly, 520 So.2d 868 (La.App. 3rd Cir.1987), writ denied, 522 So.2d 562 (La.1988); McCullin v. Sumners, 401 So.2d 458 (La. App. 2nd Cir.1981), writ denied, 406 So.2d 610 (La.1981).
Two registered surveyors testified at the trial of this matter, Harold Letz for the plaintiffs and Joseph E. Schexnaider for the defendants. This Court has thoroughly reviewed the detailed testimony of each, and we find no evidence of manifest error on the part of the Trial Court.
Mr. Schexnaider’s testimony shows that the 1963 survey of Noy O. Lewis was properly conducted. It is an older survey; it correlates with the physical characteristics of the ground; and it does not vary significantly with the original government survey or the written description of the property done in 1925.
Conversely, the survey of Harold Letz contains discrepancies with the actual use of the property. The Letz survey changes not only the boundaries of the property involved in this litigation, but it also reflects a shortage in the total acreage of the Rosa Boudreaux estate.
While the Letz survey differs significantly from the Lewis survey, it does not serve to definitively establish any error in the Lewis survey. A survey predicated on sound surveying principles and procedures should be accepted unless the record shows it is incorrect. Liner v. Terrebonne Parish School Board, 519 So.2d 777 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1173 (La.1988) cert. denied, — U.S. -, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988); Porche v. Martin, 177 So.2d 288 (La.App. 1st Cir.1965). Because the record supports the soundness of the Lewis survey, the Trial Court was correct in upholding its validity.
The Lewis survey, made more than twenty years before the Letz survey, reflects the boundaries recognized by the parties, or their ancestors, for many years. These considerations, the age of a survey and the historical use of the property by the parties themselves, have long been a part of Louisiana jurisprudence. In 1935, the Second Circuit held that an older survey was more likely to correspond with the original government survey and would therefore be accepted by the Court before a more recent survey conducted for purposes of that litigation. Fairbanks v. Louisiana Central Lumber Company, 163 So. 209 (La.App. 2nd Cir.1935). As far back as 1856, the jurisprudence held that a survey which starts “from certain points and lines not previously recognized as boundaries by the parties themselves, and not shown by the *1003 evidence to be true points of departure,” could not be made the basis of a judgment establishing a boundary. Martin v. Breaux, 12 La.Ann. 689 (Opelousas, 1856).
ISSUE TWO
When the plaintiff signed the agreement to partition Tract 4, she undertook an obligation which she was contractually bound to carry out. Mildred Mailhes has not proved an error or a mistake of fact which would justify her rescission of the contract in accordance with Louisiana Civil Code arts. 1948, et seq. (1984). Mrs. Mailhes offers no other legal cause for her failure to perform under the contract. Therefore, the defendants’ action in putting the plaintiff in default was proper, and the Trial Court’s ruling that Tract 4 will be partitioned by drawing lots is affirmed.
It is ORDERED, ADJUDGED, AND DECREED THAT:
(1) The judgment of the District Court rejecting the demands of the plaintiff, Mildred Mailhes, to the effect that an error in the survey plat of Noy 0. Lewis be recognized and that the property be resurveyed, is affirmed.
(2) The judgment of the District Court dissolving the contract to partition between Mildred Mailhes, plaintiff, and Joyce Marie Mailhes and Frank Mailhes, Jr., defendants, is affirmed.
(3) The District Court’s Order that the property be partitioned by each party drawing lots is affirmed.
All costs of this appeal are assessed against the appellants.
AFFIRMED.