601 So.2d 672 (1992)
W.F. WILLIAMS, Jr., Plaintiff-Appellant,
v.
Ivan HAWTHORNE, Sonja J. Hawthorne and James Taylor, Defendants-Appellees.
No. 23526-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
*673 Michael E. Kramer, Winnsboro, for plaintiff-appellant.
Donnie L. Ellerman, Winnsboro, for defendants-appellees.
Before NORRIS, LINDSAY and VICTORY, JJ.
LINDSAY, Judge.
Seeking to have a boundary line judicially fixed, the plaintiff, W.F. Williams, Jr., appeals a judgment in favor of the defendants, Ivan and Sonja Hawthorne and James Taylor. At issue is whether a boundary line should be set along the center of the public road or along the right of way for the road. We agree with the trial judge that the boundary should be judicially fixed along the right of way. Accordingly, we affirm the trial court judgment.

FACTS
This case was submitted to the trial court for decision based upon a joint stipulation of facts by the parties and a joint submission of evidence consisting of a 1934 deed, a 1985 deed, a map of the township and range and a survey plat of the disputed property.
In 1934, the plaintiff's ancestor in title, Fred Williams, purchased a tract of land containing approximately 81 acres. The property was described in the deed as follows:
A tract of land described as beginning at a point where the North boundary of Lot No. Two (2) of the Francisco De La Garsa Riquette crosses the public road and run North 60 degrees West to the East bank of Big creek [sic]; thence meandering along the East bank of Big Creek to the intersection of a line running parallel with above mentioned line and is 10 chains Southwest of above line measuring perpendicular from same (S. 30 degrees W.); thence South 60 degrees East 52 chains; thence South 30 degrees West 8.72 chains; thence South 72½ degrees East 20.36 chains to the West side of public road; thence North 49 degrees East along public road 9 chains back to the point of beginning, containing 81 acres, more or less. [Emphasis supplied.]
According to the joint stipulation of the parties, the present plaintiff, W.F. Williams, Jr., acquired this property from Fred Williams and is the current owner. Although not shown in the record or in the joint stipulation, the trial court found that in 1964, the plaintiff conveyed a one acre tract from this property to Vaudie Williams Simon.
*674 In 1985, Vaudie Williams Simon and Charles Simon conveyed the one acre tract of land to the defendants, Ivan and Sonja Hawthorne. The one acre tract is a square lot, 210 feet on all four sides, with the southeast side of the lot bordering Louisiana Highway No. 135. The parties stipulated that the property for the highway was attained by the granting of a right-of-way rather than by expropriation.
The tract conveyed in 1985 by the Simons to the Hawthornes was described as follows:
A certain lot or parcel of land described as beginning at at [sic] point where the North boundary of Lot No. two (2) of the Franciso [sic] De LaGarsa Riquette crosses the public road, and being the Northeast corner of that certain tract of land acquired by Fred Williams from Mrs. R.F. Walden, et al, recorded in Conveyance Record 27, page 102, for a point of beginning, of this lot; thence run north 60 degrees west along the northern boundary of above described tract acquired by Fred Williams a distance of 210 feet, thence in a southerly direction parallel with said public road a distance of 210 feet; thence in a southerly direction parallel with the northern boundary of said tract a distance of 210 feet or to the public road, thence in a northerly direction along the boundary of public road to point of beginning, containing one (1) acre, more or less, and being situated in the Northeasterly corner of tract acquired by Fred Williams from Mrs. R.F. Walden above described, all being situated in Township 14 North, Range 6 East. [Emphasis supplied.]
The defendants, Ivan and Sonja Hawthorne, granted a lease of this one acre tract of land to James Taylor, also a defendant in the present suit. Mr. Taylor, with the consent of the Hawthornes, constructed a fence on the northwest side of the lot. Mr. Williams claims that this fence encroaches on his property by 42.5 feet.
The plaintiff brought the present action against the defendants to judicially fix the boundary of the one acre tract. At the hearing, a survey was admitted into evidence. The disputed property is shown by the crosshatched area in the following illustration taken from the plaintiff's survey plat:

*675 The parties stipulated that the issue in the present case is whether the location of the southeast boundary of the one acre tract is located along the center line of Highway 135 or whether it is located on the northwest right-of-way line of the highway. As can be seen from the illustration above, if the boundary line lies in the center of the highway, then the defendants are encroaching on the plaintiff's property. However, if the boundary line lies on the right of way of the highway, there is no encroachment. The resolution of the dispute turns upon the interpretation of the wording in the various deeds regarding the location of the beginning point for the property descriptions.
The property description in the 1934 deed establishes the point of beginning as, "a point where the North boundary of Lot No. Two (2) of the Francisco De La Garsa Riquette crosses the public road." A map of the township and range containing the disputed property shows the road and shows Lot No. Two, but the point at which the northern boundary of Lot No. Two crosses the public road cannot be ascertained from this map. However, the last two calls in the property description in the 1934 deed indicate that the point of beginning is on the right of way of the highway. Those last two calls state, "... thence South 72½ degrees East 20.36 chains to the West side of public road; thence North 49 degrees East along public road 9 chains back to the point of beginning. [Emphasis supplied.]"
The property description in the 1985 deed closely follows the description of the 1934 deed. The 1985 deed provides that the beginning point is the "point where the North boundary of Lot No. two [sic] (2) of the Francisco [sic] De LaGarsa Riquette crosses the public road...." The final calls in that deed direct that the property line goes "to the public road," and then northerly "along the boundary of the public road to the point of beginning. [Emphasis supplied.]"
The plaintiff contended, however, that his surveyor found concrete nails in the center of the highway 210 feet apart, in line with the northwest boundary of the disputed one acre tract. The plaintiff argued that the survey conclusively establishes that the beginning point of the property description in all the deeds is the center of the highway, and therefore the boundary line runs along the center of the highway.
The trial court rejected the plaintiff's contentions and held that the boundary line ran along the right of way of the highway rather than down its center line. In construing the entirety of these property descriptions, the trial court concluded that the point of beginning was on the right of way of the road and not in the center. The court reasoned that if the point of beginning was the center of the highway, by following the calls in the deeds, a beginning point located in the center of the road would never be reached. The court stated:
The fallacy of plaintiff's interpretation is easily seen when one plots the questioned tract on a map. Using the plaintiff's arguments, one would begin in the center line of the public road then travel in a westerly direction 210 feet then in a southerly direction parallel with the public road 210 feet; then in a southerly direction parallel to the northern boundary of the tract a distance of 210 feet "or to the public road, thence in a northerly direction along the boundary of the public road to the point of beginning,...." In plotting the description using the plaintiff's arguments one would never reach the point of beginning by following the boundary of the public road as stated in the last call.
The court found that the only way to make the descriptions in the deeds complete was to accept the defendants' argument that the point of beginning and the southeast boundary were located on the right-of-way of the highway. Therefore, the trial court ruled in favor of the defendants and dismissed the plaintiff's claims.
*676 The plaintiff appealed the trial court judgment, contending the trial court erred in finding the boundary to be on the right-of-way line of Highway 135. The plaintiff contends that the trial court erred in failing to consider the survey map showing concrete nails in the center of the highway, thereby indicating that the disputed boundary was located in the center of the road. The plaintiff cites Faulk v. Mailhes, 541 So.2d 1000 (La.App.3d Cir 1989), for the proposition that a survey predicated on sound surveying principles and procedures should be accepted unless the record shows it to be incorrect. The plaintiff also argues that by stipulating that the survey would be admitted into evidence, the parties also stipulated to the correctness of the survey.
The plaintiff further contends that under LSA-C.C. Art. 793, since he has the more ancient title, his description should prevail.[1]

DISCUSSION
Boundary actions are governed by the provisions found in LSA-C.C. Arts. 784 to 796. In boundary actions, the boundary location is a question of fact to be determined by the trier of fact, and such a determination should not be reversed on appeal in the absence of manifest error. Williamson v. Kelly, 520 So.2d 868 (La. App. 3rd Cir.1987), writ denied 522 So.2d 562 (La.1988); Broussard v. Coleman, 479 So.2d 1016 (La.App. 3rd Cir.1985); writ denied 481 So.2d 1354 (La.1986).
In a boundary action, the manifest error standard of review is applicable. Faulk v. Mailhes, supra. Although this case was submitted for decision based upon a stipulation of facts and submission of documentary evidence, the manifest error standard of review still applies. See Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825 (La. 1987).
Even though this case involves the establishment of a boundary, the trial court was correct in observing that the determination of the boundary location depends upon interpretation of language in the various deeds concerning the property. The cardinal rule to be followed in construing deeds, uncertain because of ambiguity, is to ascertain the intention of the parties from the entire language of the deed. Bouligny v. Delatte, 550 So.2d 929 (La. App. 3rd Cir.1989). In the interpretation of deeds, the intentions of the parties must be gathered from an inspection of the instrument itself, without the aid of extrinsic evidence, if their intentions can be thus ascertained. If the description is so ambiguous as to leave doubt as to the parties' intent, the court may resort to extrinsic evidence as an aid in construction. Robinette v. Myers, 510 So.2d 1332 (La.App. 3rd Cir.1987).
It must be assumed that each word and phrase used in the description of property was intended to have some meaning and where the description is vague or incomplete, then a construction should be adopted which best harmonizes the intent of the parties. Further, descriptions of property should be liberally construed in favor of the vendee. Schexnayder v. Duhon, 163 So.2d 393 (La.App. 3rd Cir.1964), writ not considered 246 La. 590, 165 So.2d 484 (1964).
In this case, the phrase establishing the location of the beginning point as being where the boundary of Lot No. Two "crosses the public road" is somewhat vague. However, the deeds themselves are not so ambiguous as to leave doubt as to the intent of the parties. Therefore, the trial court was not manifestly erroneous in looking to the terms of the various deeds in establishing the boundary in this case, rather than relying on extrinsic evidence.
The trial court, in attempting to determine the intent of the parties who executed the various deeds, examined the property descriptions and adopted a construction which would make sense of the language used and would harmonize with the intent of the parties. The trial court *677 was correct in ruling that, in order to make sense of the entirety of the language used in the property descriptions, the boundary of the disputed property was on the right-of-way of the highway. The trial court was able to resolve this dispute by following the calls in the deeds specifying that the property lines lay along the public road. Although the plaintiff makes much of the survey and the concrete nails found in the center of the road, there is no showing as to when these monuments were put in place, by whom, or for what purpose. Further, if the parties to the deeds intended that the beginning point and the southeast boundary were to be located on the center line of the highway, they could have easily specified the last two calls in the property description to run "to the center line of the highway," and "along the center line of the highway to the point of beginning." They did not so specify in the deeds to this property. We find no error in the trial court judgment.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment in favor of the defendants, Ivan and Sonja Hawthorne and James Taylor, denying the claims of the plaintiff, W.F. Williams, Jr. Costs in this court and in the court below are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 793 provides:

When both parties rely on titles only, the boundary shall be fixed according to titles, when the parties traced their titles to a common author preference shall be given to the more ancient title.