WILLIAMS, J.
|, The defendants, June Brent, Nell Thomas and Raymond Lamar, Jr., appeal a judgment declaring that a 1949 deed granted them a servitude of passage over a 50-foot driveway located on land owned by the plaintiff, James Davis. The court found that the language of the deed did not convey fee ownership. For the following reasons, we affirm.
FACTS
This case involves immovable property known as Southwood Plantation (“South-wood”), which is located in Tensas Parish. In 1949, the owner of the land, A.B. Coit, sold a 68-acre parcel of land, known as the “Fowler Tract,” to Ernest and Jewel Garland. Following the description of the Fowler Tract, the deed contained the following language:
ALSO a fifty foot driveway beginning 50 feet north of the SW corner of the above described tract and running thence south along the east line of Section 12 to a certain bar pit thence around the bar pit to a ramp at the foot of the levee.
The driveway abuts a portion of the Fowler tract but is located on the Southwood property. In 1950, Coit conveyed South-wood by deed to former Governor Jimmie Davis and his wife, Alvern Davis. The property description in the deed conveyed the entire Southwood tract as it existed before the sale to the Garlands and then excepted the 68-acre Fowler Tract from the sale. The Davis deed further stated that the conveyance was “subject to” rights of way for the public levee, highway and utilities, a mineral lease and a “Fifty foot right-of-way conveyed by A.B. Coit to Ernest Garland, as appears by deed dated June 8,1949.”
In 1965, James Davis acquired ownership of Southwood by donation from his parents, Jimmie and Alvern Davis. Attached to the 1965 donation | ¿was a sketch which had been prepared in 1950 by Henry Messinger, a land surveyor. The sketch was altered by a typed heading “Attachment A” and by the handwritten inclusion of two tracts of land. The sketch depicts the approximate location of the driveway. June Brent, Nell Thomas and Raymond Lamar, Jr. acquired their respective interests in the Fowler Tract through various conveyances from their predecessor in title, Ernest Garland.
In November 2009, the plaintiff, James Davis, filed a petition for declaratory judgment against the defendants, June Brent, Nell Thomas and Raymond Lamar, Jr., alleging that the 1949 Garland deed had conveyed a right of way over, and not ownership of, the strip of land used as a driveway. The plaintiff requested that the court recognize his fee ownership of the 50-foot driveway. The defendants filed an answer asserting that they are the owners of the driveway. At trial, the parties testified that they all used the driveway and took action to maintain the roadway.
Subsequently, the trial court issued written reasons for judgment finding that the language of the 1949 deed was ambiguous *297 regarding the conveyance of the driveway, such that the 1950 Davis deed needed to be considered to determine the intent of the parties. The trial court rendered judgment declaring that the 1949 deed granted Garland and his successors, the defendants, a servitude of passage over the 50-foot driveway. The defendants appeal the judgment. While this appeal was pending, James Davis died and the executor of his estate was substituted as party plaintiff.
DISCUSSION
In two assignments of error, the defendants contend the trial court |serred in finding that the language of the 1949 deed was ambiguous regarding the property right conveyed. Defendants argue that the wording of the 1949 deed indicates the parties intended a transfer of fee ownership because they did not use the term “right of way” and the word “driveway” expressed only the planned use of the strip of land.
The court is bound to give legal effect to all written contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when they are clear, explicit and do not lead to absurd consequences. LSA-C.C. art.2045. In the interpretation of deeds, the intentions of the parties must be gathered from an inspection of the instrument itself if their intent can be thus ascertained. Williams v. Hawthorne, 601 So.2d 672 (La.App. 2d Cir.1992). The general rule is that if an instrument is so ambiguous as to leave doubt about the parties’ intent, the court may resort to extrinsic evidence as an aid in construction. Williams, supra; City of Eunice v. Sunland Properties, Inc., 597 So.2d 1198 (La.App. 3rd Cir.1992). In deciding whether a fee simple title to land has been conveyed or a servitude thereupon has been granted by a deed, the intention of the parties must be determined from the stipulations in the entire instrument, giving effect to all of the provisions therein contained. Rock Island, A. & L. Railroad Co. v. Gournay, 205 La. 125, 17 So.2d 8 (La.1943); Sun Oil Co. v. Stout, 46 So.2d 151 (La.App. 2d Cir.1950).
In the present case, although the defendants complain in their brief that the trial court did not mention the 1949 deed’s mineral reservation in its written reasons, we note that defendants failed to raise the significance of |4the mineral reservation language in their pretrial or post-trial memoranda to the trial court. In any event, the defendants now argue in brief that the placement of the mineral reservation after the reference to the driveway indicates a fee title conveyance because such a reservation is not necessary when granting a servitude. However, since the only “tract of land” conveyed in the 1949 deed is the 68-acre Fowler Tract, both the mineral reservation and a driveway servitude could be understood as applying to the Fowler Tract.
The defendants assert that the 1949 deed contains a grant of land that was intended to be used as a road. Contrary to the defendants’ assertion, the deed language does not convey a “parcel” or “strip” of land to be used as a road, but expressly grants a “fifty foot driveway” that runs from a section line and then “around the bar pit to a ramp” on the levee. Based on this provision, the trial court could reasonably find that the language is a limited grant of a driveway, or means of passage, across the Southwood land and is not simply an expression of the parties’ intended use of the land.
In addition, the deed does not specifically describe where the driveway ends. As pointed out by the trial court, such an imprecise description is more commonly *298 used in granting a servitude rather than conveying ownership. See City of Eunice, supra. Further, we agree with the trial court that the deed language, which requires reference to the description of the Fowler Tract to determine where the driveway begins, is an indication that the transfer of the driveway granted a servitude of passage on the Southwood land for the benefit of the Fowler Tract.
| .¡Based upon our review of the deed language and consideration of the applicable law, we cannot say the trial court erred in concluding that the transfer of a 50-foot driveway in the 1949 deed granted a servitude of passage, or right of way, to the defendants, the successors in title to Garland. Thus, the assignments of error lack merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellants, June Brent, Nell Thomas and Raymond Lamar, Jr.
AFFIRMED.